# Clearman *v.* Cobbs.

## Assumpsit.

(Decided November 16, 1916.   73 South. 83.)

1. **Bills and Notes; Complaint.**—In an action on a note a complaint alleging the execution of a note payable to order, its transfer for value by endorsement before maturity in the due course of business by payee to plaintiff's endorser, who took without knowledge of the existing defect or defense, the purchase of the note by plaintiff, and that it was now his property, was sufficient.

2. **Same; General Issue.**—Where the complaint negatived every defense available to an action on a note, such defenses were raised by the general issue and special pleas would not be good.

3. **Set Off; Pleading; Sufficiency.**—Where the action was on a note a plea of set off alleging that the endorsing bank was indebted to the defendant for money on deposit subject to check at the time the bank went into the hands of the receiver, and at the time it owned the note sued upon, was defective in failing to allege facts to show a right of set off against plaintiff, or that it would be a defense to an action on the note if brought by the endorser.

APPEAL from Lamar Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Assumpsit by J. B. Cobbs against M. D. Clearman. Judgment for plaintiff and defendant appeals. Affirmed.

Transferred from Court of Appeals.

The complaint alleges that Clearman executed a promissory note to John A. Cobbs Mercantile Company, payable to their order on the City Bank & Trust Company, Birmingham, on January 1, 1911; that said John A. Cobbs Mercantile Company for a valuable consideration, and before maturity, transferred and indorsed said note in due course of business to the Union Bank & Trust Company, without any knowledge on the part of said Union Bank & Trust Company of any existence of any defect or defense, and that the said Union Bank & Trust Company was a bona fide purchaser for value in due course of business of said note or instrument. And plaintiff avers that said note was purchased by him, and he obtained such right and title to the said note as the said Union Bank & Trust Company had in and to the same, and the said note is now the property of plaintiff. Plea 6 sets up that the Union Bank & Trust Company to whom the note was transferred was indebted to defendant in the sum of $700,

[Clearman v. Cobbs.]

for money he had on deposit with said bank subject to check, and that this amount was due him by said bank at the time it went into the hands of a receiver, and at the time it owned the note sued on, which defendant offers to set off against plaintiff's demands. It is unnecessary to set out the other pleas.

KELLY & YOUNG, for appellant. WALTER NESMITH, for appellee.

MAYFIELD, J.—The action is on a negotiable promissory note, and is brought by an assignee thereof, against the maker. The complaint alleges facts to show that plaintiff was a bona fide purchaser before maturity for value, and in due course of trade. The defendant attempted to set up a number of defenses, set-off, fraud, etc.; but demurrers were sustained to most all the special pleas. The trial resulted in verdict and judgment for the plaintiff, from which judgment the defendant prosecutes this appeal.

There is no bill of exceptions, and hence the only errors assigned go to the rulings of the court in sustaining demurrers to special pleas and in overruling demurrers to the complaint.

(1, 2) The counts in the complaint were not only sufficient, but contained averments, unnecessary, but which probably anticipated defenses requiring replications; and the pleader therefore attempted to forestall these defenses, and to avoid replying thereto. Consequently most all the defenses attempted to be set up by special pleas, except that of set-off, were raised by the general issue to the complaint, under its allegations attempting to forestall the attempted special defenses. The order of pleading and the burden of proof in actions on commercial paper was discussed at some length in the recent case of *Elmore County Bank v. Avant,* 189 Ala. 418, 66 South. 509, and the cases were there reviewed. In that case it is said, after stating the order of pleading: "If, however, the plaintiff should allege in his complaint the same facts required to be alleged in his replications, in the way of anticipating the defense, then, of course, pleas like those filed in this case would not be good, because not an answer; but, as pointed out in the opinion quoted, the orderly and usual way is by special pleas and special replications. Still, the practice is different in some of the other states as may be seen by an examination of the text-books on the subject."

(3) The plea of set-off, which was numbered 6, was defective, in that it failed to allege facts to show any right of set-off against

this plaintiff. It attempted to show what might be considered as a set-off or defense against plaintiff's indorser, but no facts were alleged which show any set-off against the plaintiff, or that would be a defense against the action on the note, even if the suit had been brought by the indorser instead of his indorsee.

This is an action on a promissory note, and the appeal is on the record proper, as before stated; yet this record shows that the pleadings in the case take up 30 pages of the transcript. It is difficult to see the necessity, or even the propriety, of such copious pleadings in an action on a promissory note, especially when the complaint, as in this case, negatives utterly every special defense available in an action by an indorsee against the maker of the note.

We find no error in the record proper, so the judgment appealed from must be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.