(90 South. 899)

## BANK OF EAST CHATTANOOGA v. CLAYTON. (7 Div. 123.)

(Supreme Court of Alabama.   Oct. 20, 1921.)

**1. Bills and notes ☜356—Bank issuing and paying negotiable certificate of deposit as consideration for note is "purchaser for value."**

A bank which issues and pays in due course a negotiable certificate of deposit as consideration for a note is a "purchaser for value."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Purchaser for Value.]

**2. Bills and notes ☜343 — Knowledge that note was given by maker in payment for corporate stock does not bar recovery by indorsee.**

A bank which purchased a note from an indorsee without knowledge of any extrinsic fact relating thereto, except that it was given by the maker to such indorsee in payment for corporate stock may recover thereon, such knowledge carrying no suggestion of fraud or impending failure of consideration.

**3. Bills and notes ☜339—Indorsee need not investigate matters of bad faith.**

The primary purpose of the law merchant being to facilitate the use of instruments of credit, an indorsee of negotiable paper need not investigate matters of bad faith such as fraud or failure of consideration.

**4. Bills and notes ☜443(4)—That bank notified maker before maturity that it held note for collection does not affect right to recover as indorsee.**

That a bank, which the undisputed evidence showed was the legal, as well as beneficial, owner of a note purchased by it from an indorsee, notified the maker shortly before maturity that it held it for collection does not affect its right to recover thereon.

Appeal from Circuit Court, De Kalb County; W. W. Harralson, Judge.

Action by the Bank of East Chattanooga against O. W. Clayton. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Action was on negotiable promissory note executed by O. W. Clayton, payable to his own order, and contemporaneously indorsed by him to the Southern Pharmaceutical Company, by whom it was in turn indorsed to the plaintiff bank. The defenses were that the consideration for the giving of the note failed, and that its execution and indorsement were procured by the fraudulent representation of the Pharmaceutical Company. To these pleas the plaintiff replied that it was a bona fide purchaser of said note for value in due course of business before maturity, and without notice of any of the equities, defects, or defenses set up by the defendant. The court refused to give the affirmative

charge for the plaintiff, and there was verdict for the defendant.

Jones & McGhee, of Chattanooga, Tenn., and C. A. Wolfes, of Ft. Payne, for appellant.

The plaintiff was entitled to affirmative instructions. Section 5015, Code 1907; 8 C. J. 507–510; 189 Ala. 418, 66 South. 509; 16 Ala. App. 101, 75 South. 695; 202 Ala. 365, 80 South. 445; section 5007, Code 1901; 204 Ala. 64, 85 South. 271; 201 Ala. 297, 78 South. 73.

Isbell, Scott & Downer, of Ft. Payne, for appellee.

The court properly refused to take the case from the jury under the facts in evidence. 8 Cyc. 290; 8 C. J. 1060; 196 Ala. 349, 71 South. 719; 196 Ala. 146, 72 South. 80; 196 Ala. 309, 71 South. 397; 15 Ala. App. 241, 73 South. 135; 14 Ala. App. 455, 70 South. 308; 150 Ala. 386, 43 South. 719.

SOMERVILLE, J.   [1] The consideration paid by plaintiff for the note in suit was a negotiable certificate of deposit, which was in fact negotiated by the payee, and afterwards paid in due course by plaintiff bank. As held on the former appeal in this case (Clayton v. Bank of E. Chattanooga, 204 Ala. 64, 85 South. 271), this established the status of the bank as a purchaser of the note for value, and, if it purchased without notice of the defenses set up in the pleas, it was entitled to recover. This was the only contested issue in the case.

[2] The evidence showed without dispute that the bank purchased the note without any knowledge of the defenses pleaded, and without knowledge of any extrinsic fact relating to the note, except that it was given by defendant to the indorsee, the Southern Pharmaceutical Company, in payment for its corporate stock purchased by him.

[3] Such knowledge could not carry any suggestion of fraud in the inception of the note, nor of any existing or impending failure of consideration. To require an indorsee of negotiable paper to investigate such matters of bad faith would be to repudiate a basic principle of the law merchant, and to render futile its primary purpose, viz. to facilitate the use of instruments of credit in the business of the country. Ex parte Goldberg, 191 Ala. 356, 67 South. 839, L. R. A. 1915F, 1157.

[4] The fact that the bank notified defendant a few days before the maturity of the note that it held it for collection is of no significance, and can have no effect upon the rights of the parties, since the undisputed evidence showed that the bank was the legal, as well as the beneficial, owner of the note.   It was held for collection for the

owner no matter who the owner was—the bank or any one else.

The evidence supported without conflict every allegation of plaintiff's replication to the pleas, and the affirmative charge for plaintiff should have been given, with hypothesis, as requested.

For the error of its refusal, the judgment must be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.