(94 South. 476)

## SOMERALL et al. v. CITIZENS' BANK OF BREWTON. (3 Div. 494.)

(Supreme Court of Alabama. Oct. 26, 1922. Rehearing Denied Dec. 7, 1922.)

1. Bills and notes ⟵537(6)—Affirmative charge improper, where evidence admitted without objection as to bona fide purchaser.

In a bank's action against the indorsers of a note, claimed to have been purchased by it for a valuable consideration in good faith, before maturity and without notice, the indorsers claiming that they were not to be bound until all the indorsers of the note, of which the note sued on was a renewal, had signed, where there was evidence tending to show that plaintiff was not a bona fide purchaser, it was error to give the affirmative charge for plaintiff.

2. Trial ⟵105(1)—Evidence admitted without objection is subject to jury's consideration.

Evidence, whether admissible or not, if admitted without objection, is subject to the jury's consideration.

Appeal from Circuit Court, Conecuh County; E. A. Gamble, Judge.

Action by Citizens' Bank of Brewton against J. E. Somerall and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

W. L. & R. S. Parks, of Troy, and A. R. Powell, of Andalusia, for appellants.

The case was one for the jury, and the court erred in giving the affirmative charge for plaintiff.

Hamilton, Page & Jones, of Evergreen, and Smiths, Young, Leigh & Johnston, of Mobile, for appellee.

Appellee purchased the note for face value, less 8 per cent. discount, without notice of the defense relied on. This made appellee a holder in due course, and it was protected, even though the note was not to be delivered, except on condition, which was not fulfilled. Code 1007, §§ 5007, 5012; 9 Ala. App. 352, 63 South. 741; 191 Ala. 356, 67 South. 839, L. R. A. 1915F, 1157; 8 C. J. 205; 17 Ala. App. 294, 84 South. 549. The statement of appellee's cashier that the note was purchased conditionally was not a part of the res gestæ and was not binding on appellee. 196 Ala. 365, 72 South. 34; 196 Ala. 665, 72 South. 264; 196 Ala. 61, 71 South. 701; 77 Ala. 184; 203 Ala. 296, 82 South. 546; 3 Ala. App. 348, 57 South. 98.

GARDNER, J. Suit by the Citizens' Bank of Brewton against appellants as indorsers of a promissory note, executed by one F. L. Riley, and payable to C. P. Deming and A. Cunningham, and by them indorsed to the bank.

In addition to the plea of general issue, appellants interposed the defense that they indorsed the note in question in renewal of a former note, with the understanding and agreement that their indorsement should not be binding unless each of the indorsers of the former note indorsed the one in question, and that all the required indorsements were not obtained. To these special pleas the bank interposed a replication to the effect it was in the banking business, that the note sued on was a negotiable paper, and was purchased by the bank for valuable consideration in good faith, before maturity, and without notice of the defense set out in these special pleas. Upon the conclusion of the evidence submitted upon the issue thus joined, the court gave the affirmative charge, at the instance of plaintiff, and from the judgment following, the defendants have prosecuted this appeal, the only error assigned being that of the action of the court in giving the affirmative charge for the plaintiff.

[1] The plaintiff offered proof tending to show that its president, while in Evergreen, called at the People's Bank at that place, purchased this note from the payees thereof before maturity, paying face value therefor less a discount of 8 per cent., and without notice of any defense thereto; that the bank frequently purchased negotiable paper with the surplus funds on hand, and that the president and cashier, respectively, of the People's Bank of Evergreen, offered the note to him for sale, rather than discount the same at said People's Bank; that he knew some of the indorsers on the note, considered them good security, and purchased the same in good faith. Some of the defendants testified that after the maturity of the note they had a conversation with the cashier of the plaintiff bank, and that in this conversation the defendant so testifying made inquiry as to whether or not he could make a certain cash payment and be released, to which the cashier replied, in effect, that they bought the note conditionally and could not tell him about it until he saw some of the People's Bank.

Counsel for appellants insist that this evidence, in connection with all the facts and circumstances in the case above outlined, was sufficient for submission of the question of a bona fide purchaser to the jury for consideration.

[2] Appellee's counsel, however, in answer to this insistence, contended that the declarations of plaintiff's cashier were illegal and inadmissible as being but a statement of a past

---

transaction—citing Phœnix City v. Taylor, 196 Ala. 665, 72 South. 264, and Danner Lbr. Co. v. Stonewall Ins. Co., 77 Ala. 184, among other authorities. But whether admissible or not (a question we are not called upon to here determine), no objection was interposed to this proof, and it was therefore before the jury without objection, and was subject to the jury's consideration. 6 Michie Dig. p. 535.

In this view of the case, therefore, the court erred in giving the affirmative charge, and for the error the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.