(101 South. 429)

SOMERALL et al. v. CITIZENS' BANK.
(3 Div. 644.)

(Supreme Court of Alabama. June 26, 1924. Rehearing Denied Oct. 9, 1924.)

1. Trial ⟜192—Instruction assuming fact proved without contradiction not improper.

It was not improper for instruction to assume that plaintiff purchased note before maturity and for value where this was proved without contradiction.

2. Bills and notes ⟜497(2)—Where note not to take effect until indorsed by particular persons, holder without such indorsement has burden of proving himself holder in due course.

Under Negotiable Instrument Law (Code 1907, §§ 4973, 5007, 5010, 5014), where agreement that note shall not take effect until certain persons have indorsed it, is established, plaintiff holder of such note without such indorsement, has burden of proving that he is holder in due course, which is prima facie accomplished by proof that he paid full value for it before maturity.

3. Bills and notes ⟜497(2)—On plaintiff's showing of payment of value, burden shifts to defendant to show notice of infirmity.

Holder of note executed under agreement that it should not become effective until signed by certain persons makes prima facie case by

proof that it paid full value for note before maturity, whereupon burden is on defendant to affirmatively show notice of infirmity alleged.

4. Evidence ⟜92—Plaintiff has burden of proof of negative unless it lies peculiarly within knowledge of adverse party.

As general rule, where plaintiff's right depends on truth of negative, on him is cast burden of proof, unless thing to be proved lies within peculiar knowledge of adverse party.

5. Trial ⟜253(2)—Instruction ignoring defense which had become immaterial not erroneous.

Though defendants, under their pleading, had introduced evidence that, as between original parties, note was without consideration, where this had proved to be immaterial, and the only real defense was that defendant's indorsement was conditional, instruction confining defendants to proof of such defense was not erroneous.

6. Bills and notes ⟜296—Unqualified indorsement warrants instrument is valid and subsisting obligation.

Under Code 1907, § 5021, unqualified indorsement of note warrants instrument at time of indorsement as valid subsisting obligation.

7. Bills and notes ⟜538(1)—Instruction as to liability of defendant indorsers on renewal held properly refused.

Where note in suit indorsed by defendants was given in renewal of older note on which they were liable, instruction that if plaintiff was not holder in due course, and had procured defendants' indorsement after receipt of note, and had not altered its position for worse on account of such indorsements, nor parted with anything of value, verdict should be for defendants, held properly refused.

8. Bills and notes ⟜534—Plaintiffs held entitled to recover attorney's fees in Supreme Court, though judgment reversed.

Where maker and indorsers of note agreed to pay all costs of collection including reasonable attorney's fees, transferees of note held entitled to recover attorney's fees in Supreme Court on first appeal, though judgment for them was on that appeal reversed, they having afterwards recovered.

9. Bills and notes ⟜489(3)—Evidence of lack of consideration for note held properly excluded under pleadings.

In action against indorsers of note where consideration for indorsement only was denied by pleas, evidence of lack of consideration passing from payee to maker was properly refused.

10. Evidence ⟜473—Testimony that cashier had no authority to make statement admissible as collective fact.

In bank's action on note, where there was issue as to whether bank had received note with knowledge of infirmity, and where there was testimony that its cashier had stated note was bought conditionally, testimony of president of bank that cashier was without authority to make such statement, if made, was admissible as evidence of a collective fact.

―――――
⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**11. Evidence** ⬦==**244(12)—Proof of statement by plaintiff bank's cashier that note was purchased conditionally held admissible against bank.**

Proof that bank cashier, in usual course of business and negotiation concerning note, made statement as reason for refusing to defer payment that note had been purchased conditionally *held* admissible in bank's action on note on issue of its knowledge of an alleged infirmity, though claimed to have been made by cashier without authority.

Appeal from Circuit Court, Conecuh County; Claude A. Grayson, Judge.

Action on promissory note by the Citizens' Bank against J. E. Somerall and others. Judgment for plaintiff, and defendants appeal. Affirmed.

These charges were given at plaintiff's request:

"C. The court charges that if you are reasonably satisfied from the evidence in the case that the plaintiff purchased the note in question from Messrs. Cunningham and Deming for a valuable consideration before its maturity, you must return a verdict for the plaintiff, unless there was an agreement or understanding between the defendants and Messrs. Cunningham and Deming, or one of them, that the note should not become binding unless it was indorsed by Mr. A. H. Mason, and that the plaintiff at the time of the purchase of the said note had knowledge of this defense or notice of such facts or circumstances as would put it on inquiry which, if followed up, would have discovered the existence of such defense, and the burden of proving such knowledge or notice is upon the defendants in the case."

"D. The court charges the jury that the burden is upon the defendants in this case to reasonably satisfy you from the evidence that at the time the plaintiff purchased the note in question it had knowledge of the defense which was interposed or notice of such facts or circumstances as would have put it on inquiry, which it followed up would have discovered the existence of the defense."

Charges refused to defendants are as follows:

"A. If you find from the evidence that the plaintiff is not a holder in due course of the note declared upon, and that it was executed and delivered by the maker to the payee and that they subsequently procured the indorsement of the defendants, and did not alter their position for the worse on account of such indorsements, and parted with nothing of value by reason of such indorsement, then your verdict should be for defendants."

"C. I charge you that the plaintiff is not entitled to recover any attorney's fee for litigating this case in the Supreme Court."

James J. Mayfield, of Montgomery, and J. Morgan Prestwood and Powell & Reid, all of Andalusia, for appellants.

It was error to give charges C and D for plaintiff. Daniel on Neg. Inst. § 815: Code 1907, §§ 5014, 5007; Lee v. De Bardeleben Co., 102 Ala. 628, 15 South. 270; Bank v. Halsey, 109 Ala. 196, 19 South. 522. Defendants' objection to the question to witness McMillan with reference to the authority of the cashier of plaintiff should have been sustained. 1 Morse on Banking, § 152; Spyker v. Spence, 8 Ala. 333; Sampson v. Fox, 109 Ala. 671, 19 South. 896, 55 Am. St. Rep. 950; Brush Co. v. City Council, 114 Ala. 433, 21 South. 960. Charges A and C requested by defendants, should have been given. Zadek v. Forcheimer, 16 Ala. App. 347, 77 South. 941; Richardson v. Fields, 124 Ala. 535, 26 South. 981; Savage v. First Nat. Bank, 112 Ala. 508, 20 South. 398; Watson v. Reynolds, 54 Ala. 191; Jackson's Adm'r v. Jackson, 7 Ala. 791; 8 C. J. 1101; Ala. City Co. v. Kyle, 204 Ala. 597, 87 South. 191.

Smith, Young, Leigh & Johnston, of Mobile, and Hamilton, Page & Jones, of Evergreen, for appellee.

The burden of proving notice was upon defendants. Elmore Co. Bank v. Avant, 189 Ala. 418, 66 South. 509; German-American Bank v. Lewis, 9 Ala. App. 352, 63 South. 741; Hudson v. Repton State Bank, 16 Ala. App. 101, 75 South. 695; Merchants' Bank v. Norris, 163 Ala. 481, 51 South. 15; Sewell v. Nolen Bank, 204 Ala. 93, 85 South. 375. Plaintiff was entitled to recover attorney's fee for litigation in the Supreme Court. A. C. G. & A. R. Co. v. Kyle, 204 Ala. 597, 87 South. 191. There was no error in overruling defendants' objection to the question calling for the cashier's authority. 3 R. C. L. 441; Bank v. Dunn, 6 Pet. 51, 8 L. Ed. 316.

SAYRE, J. This is the second appeal in this case. 208 Ala. 501, 94 South. 476. As there stated the action is by the Citizens' Bank of Brewton against appellants as indorsers of a negotiable promissory note executed by F. L. Riley, payable to C. P. Deming and A. Cunningham, and by them indorsed to plaintiff. The pleadings have not been changed. For completeness of present statement we repeat that the special defense relied upon was that defendants had indorsed the note sued upon in renewal of a former note, with the understanding and agreement that their indorsement should not become operative and binding, unless and until it was indorsed by one Mason, by whom, along with defendants, the former note had been indorsed, and that Mason's indorsement had not been procured. Plaintiff replied specially that the note was negotiable paper, and that it had purchased the same for a valuable consideration in good faith before maturity and in the usual course of business. There was evidence tending to sustain the respective contentions of the parties.

[1] Appellants, defendants, complain in the first place that the court gave two charges, C and D, which placed upon them the burden of proving that plaintiff, when it purchased the note, had notice of the agreement alleged in the plea. The effect of these charges is the same, the difference being that C hypothesizes expressly facts which were assumed in. D, to wit, that plaintiff purchased the note before maturity and for value. This assumption was not improper, because the facts assumed were proved without contradiction. True it is that section 5007 of the Code defines a holder in due course as, among other things, one who takes in good faith and without notice of any infirmity in the instrument or defect in the title of the person negotiating it, that plaintiff in its replication did in effect allege that it had no notice of the agreement set up in the plea, and that section 5014 of the Code provides that:

"When it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some ,person under whom he claims acquired the title as a holder in due course."

But the provision of the Negotiable Instruments Law, section 4973 of the Code, is such that, if a promissory note is delivered by the maker to the payee upon a verbal agreement that the instrument shall not take effect until other persons shall have signed, the paper will have no validity as between the original parties, unless so completed. And the section further provides:

"But where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him, is conclusively presumed. And where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary, is proved."

And section 5010 is:

"The title of a person who negotiates an instrument is defective within the meaning of this chapter [Negotiable Instruments Law] when he obtained the instrument, or any signature thereto, by fraud * * * or when he negotiates it in breach of faith, or under such circumstances as amount to a fraud."

If there was the agreement set up by way of defense in defendants' plea, then plaintiff's assignor negotiated the note in bad faith as to all who signed conditionally.

[2, 3] Assuming proof of the facts alleged in the plea, it seems clear that the statute put upon the plaintiff the burden of showing that it was "a holder in due course"; but it is our opinion that, when plaintiff proved that it paid full value for the note before maturity, it established prima facie that it was a holder in due course, and that the burden of showing that plaintiff had no-

tice of the infirmity of its assignor's title rested upon defendants; this for the reason that, notwithstanding the course of pleading put upon plaintiff, the burden of alleging that it had no notice of the infirmity set up in the plea, want of notice, from the nature of the issue, cannot in general be shown by direct evidence. There is authority to the contrary, but "the general rule is that, where the holder has restored his prima facie case by introducing evidence from which it appears that he took the instrument bona fide for value"—here plaintiff's evidence was that it purchased the note in suit ,for full value and before maturity and denied the facts constituting the alleged infirmity of its title, thereby denying by necessary inference notice of any such facts—"the burden is then shifted back to defendant to prove the holder's notice or knowledge of the specific facts invalidating the instrument, and in the absence of such further proof the holder is entitled to recover." 8 C. J. 987, where the cases are cited. The reason assigned for the rule placing the burden of proving want of notice on the holder is that proof of fraud suggests that the guilty party, being precluded from recovering thereon in his own name, has transferred the instrument to another to recover for his use, and the latter must overcome the presumption in that regard. Hence it has been held "that proof that the holder paid full value for the instrument sued upon makes out a prima facie case of bona fides." 4 Am. & Eng. Encyc. of Law (2d Ed.) p. 323, where the cases are cited, including First National Bank v. Dawson, 78 Ala. 67, a case, apart from any effect to be ascribed to the act, precisely in point. True, that decision, as well as the text last above cited, was written prior to the Negotiable Instruments Law, but the constituent elements of a holding in due course, the practical limitations on proof imposed by the nature of the subject-matter, and the reasonable inference to be drawn from proof of full or fair value paid, are the same as they have always been, and our judgment upon consideration of those parts of the act quoted above is that the rule as to the burden of evidence in cases where full value has been paid remains unchanged. This appears to be the reasonable interpretation of the statute—the only practicable method of administering justice in such cases. Hodge v. Smith, 130 Wis. 326, 110 N. W. 192. In the sixth edition of Daniel on Negotiable Instruments (1919), § 819, speaking of the rule, prior to the statute, that the burden of proof rested upon the defendant to show plaintiff's knowledge of fraud, it is said:

"This principle is obviously correct, for to require the plaintiff to show absolutely that he had [no] knowledge of facts would be to burden him with the necessity of proving an impossible negative. * * * Unless there were circumstances which seem to bring home to him notice of the fraud or illegality imputed,

the requirement of further proof than the giving of fair value seems unreasonable, harsh, and exacting."

[4] This is in accord with the general rule which, conceding that where plaintiff's right depends upon the truth of a negative, upon him is cast the burden of proof, unless the thing to be proved lies within the peculiar knowledge of the adverse party (Freeman v. Blount, 172 Ala. 661, 55 South. 293), for otherwise rights, of which a negative forms an essential element, might be enforced without proof, holds that, "In deciding what quantum of evidence shall be deemed sufficient, the practical limitations on proof imposed by the nature of the subject-matter or the relative situation of the parties will be 'considered, and the burden of evidence," that is, the burden of producing evidence, "will be sustained by proof which renders probable the existence of the negative fact," in this case proof that plaintiff paid full or fair value for the note in suit. 22 C. J. 80, 81, note 35. To the conclusion that the negotiable instruments law, the avowed purpose of which was to advance the currency of negotiable paper, has not changed this rule we are led, by the considerations stated and the fact that in several cases, decided in this state since the enactment of the law, it has been so held. Elmore County Bank v. Avant, 189 Ala. 418, 66 South. 509 (cited in Clearman v. Cobbs, 197 Ala. 546, 73 South. 83); Merchants' National Bank v. Norris, 163 Ala. 481, 51 South. 15; German-American Bank v. Lewis, 9 Ala. App. 352, 63 South. 741.

[5, 6] It is also argued that charge C was error for that it confined defendants to proof "that the note should not become binding unless it was indorsed by Mr. A. H. Mason," whereas, it is suggested that defendants under their pleading introduced evidence tending to show that, as between the original parties, there was no consideration for the note in suit. But what has been said disposes of the only real defense attempted, and the trial court was justified in charging the law with reference to it without unnecessary excursions into the field of issues which had proved to be immaterial. Unless the defense heretofore considered at length was established, defendants had no defense, for, in that event, by their unqualified indorsement they warranted that the instrument at the time of indorsement evidenced a valid and subsisting obligation. Code, § 5021.

[7] The charge of error in the refusal of charge A to defendants seems to us to be answered by the undisputed fact that defendants indorsed the note in suit in renewal of an older note on which they were liable as indorsers, the time of payment being extended.

[8] Charge C, refused to defendant, asserted the proposition that plaintiff was not entitled to recover any attorney's fee for litigating this case in the Supreme Court on former appeal. The parties to the note in suit, whether makers or indorsers, severally agreed "to pay all costs of collecting or securing or attempting to collect or secure this note, including a reasonable attorney's fee whether the same be collected ,or secured by suit or otherwise." The proof was that plaintiff had recovered judgment at the end of a previous trial, but that such judgment had been reversed on appeal. Plaintiff's right to judgment is now established. The right now established was not affected by the reversal on former appeal. This case therefore seems to fall within the rule of Alabama City, etc., Ry. Co. v. Kyle, 204 Ala. 597, 87 South. 191. Appellants suggested that plaintiff should have avoided the expense of attorney's fees on appeal by confessing error in this court or in the trial court, Per contra, and nearer the heart of this issue, it might be suggested that defendants would have avoided this liability by payment of the debt according to promise, or by confessing judgment for the same. When plaintiff's assignor exacted the stipulation for attorney's fees it did not promise infallibility in the exercise of its right to sue, but only to use good faith and ordinary care, and, for aught appearing, it did so at every stage of the litigation. The peculiar stipulation in McCormick v. Falls City Bank (C. C.) 57 Fed. 108, upon which is based the text of 8 C. J. 1101, cited by appellant, serves to distinguish that case from this.

[9] The court committed no error in declining to allow evidence to the effect that there was no consideration for the note in question. Pleas denied consideration for the 'indorsement to plaintiff, but not the consideration moving from the maker of the note to plaintiff's assignor. The last-mentioned matter was not put in issue.

[10, 11] Witnesses for the defendants, some of the defendants themselves, had testified that when they went to plaintiff bank to see about the payment of the note in suit and ask for indulgence, plaintiff's cashier Crum had said to them that the note had been bought conditionally, and Crum had denied that he made any such statement. Plaintiff's president, McMillan, testifying in rebuttal for plaintiff, was asked: "Did Mr. Crum have any authority to make any statement for the Citizens' Bank that this note was bought on any conditions?" Defendants' objection was overruled, and the witness answered, "No." This ruling is assigned for error, and argued in the briefs. The objection was that the question called for the conclusion of the witness, and that there was better evidence. The argument for error proceeds upon the theory that as matter of law, in the absence of charter provision, by-law, or resolution of the corporation, to the contrary, the cashier had authority to bind the plaintiff bank in any negotiation concerning the note, and

therefore that the opinion of the president, that Crum had no authority in the premises, was a mere gratuitous opinion as to a question of law and was erroneous besides. We do not construe the question as asking for the witness' opinion on a question of law; we construe it as asking whether as matter of fact there was any usage of the bank or any express authority on the subject of the cashier's authority. Evidently plaintiff expected the negative answer, and the competency of the question is to be judged in connection with the answer. The bank had the right to define the authority of its cashier by resolution, by-law, or usage, as it saw fit. If there was no record to the contrary, and if by the usage of the bank the cashier had no authority to negotiate a loan or bind the bank by declarations made in the course of negotiations concerning the extension of loans, as, in substance, the cashier Crum had testified, it is not perceived that there was reversible error in allowing this witness to state, in effect, the collective fact that there was no such record or usage subject to cross-examination. There was no denial of the fact that the witness had the means of knowledge, and if there was no such record nor any such usage, there would seem to be no better or more direct method of proof than that adopted in the trial court. Gould v. Cates Chair Co., 147 Ala. 629, 41 South. 675. A different question would have been presented had plaintiff sought to elicit an affirmative answer. This much is said with respect to the admissibility of the evidence in question. We have no doubt, however, that, if Crum assumed to treat with the defendants concerning the payment of the note in what appeared to be the usual course of the bank's business, and in the course of such negotiation made a statement of the reason for refusing to defer payment which would tend to impeach the bank's title, such statement was proper for submission to the jury on the issue as to plaintiff's knowledge of the infirmity, if any there was, in plaintiff's title as alleged in the plea. And so the trial court ruled.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.