(112 So. 822)

RELIANCE EQUIPMENT CO. v. SHERMAN.
(1 Div. 445.)

Supreme Court of Alabama. March 31, 1927.

Rehearing Denied May 19, 1927.

1. Bills and notes ☞359—Pre-existing debt constitutes "value" and supports assignment of commercial paper as in due course (Code 1923, § 9053).

Under Code 1923, § 9053, pre-existing debt constitutes "value" and supports an assignment of commercial paper as in due course.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Value.]

2. Bills and notes ☞359—Purchase of note for credit on account due from payee to indorsee was for "value" (Code 1923, § 9053).

In suit on note by indorsee against maker, it was error to overrule demurrer to plea that purchase of note from payee for credit on account due from payee to indorsee was not value, under Code 1923, § 9053, and therefore note was subject to defense of failure of consideration.

3. Bills and notes ☞497(2)—Maker, sued on note negotiated for value before maturity, must prove notice by indorsee of infirmity affecting standing as holder in due course (Code 1923, § 9085).

Where note is negotiated for value before maturity, maker sued on note has burden of proving notice by indorsee of infirmity affecting his standing as holder in due course, in view of Code 1923, § 9085.

4. Bills and notes ☞343—Notice to indorsee that payee took note in payment for house to be built was not "notice of infirmity," but only that consideration was executory.

In suit by indorsee against maker on note, evidence that indorsee was told by payee that note was given in part payment of contract price for house he was to build for maker was merely notice that consideration was executory, and did not constitute "notice of infirmity," affecting indorsee's standing as holder in due course.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Notice of Infirmity.]

5. Bills and notes ☞343—Knowledge that note is for future service held not to alter indorsee's status as holder in due course (Code 1923, § 9082).

Under Code 1923, § 9082, knowledge that note is founded on promise of future service or is otherwise executory is not such notice as will alter indorsee's status as holder in due course.

6. Bills and notes ☞363—Maker of negotiable note unconditionally promises to pay indorsee in good faith for value before maturity, whatever happens between original parties.

Maker issuing negotiable promissory note unconditionally promises to pay same to any holder by indorsement in good faith for value and before maturity, whatever may happen as between original parties to transaction.

7. Bills and notes ☞337—Purchaser of negotiable note is protected unless he knows, or should know, that consideration has failed, or is likely to fail (Code 1923, § 9082).

Under Code 1923, § 9082, purchaser of negotiable promissory note is protected unless notified of facts which would arouse suspicion in mind of person of ordinary business prudence that consideration has failed, or is so likely to fail that he becomes participant in fraud on maker.

8. Bills and notes ☞370—Maker of note founded on promise of future services takes risk of future failure of consideration as against indorsee in good faith.

Maker of negotiable promissory note based on promise of future services takes risk of future failure of consideration and cannot pass it on to indorsee who has taken note on faith of unconditional promise shown on face of note.

9. Bills and notes ☞335—Purchaser of note, if notified of payee's conversion of proceeds, would not be holder in due course.

If note is given to payee to be used solely in purchase of lot for maker, payee becoming trustee and agent in use of note for special purpose, payee's conversion of note to payment of own debt would be fraud on maker, and purchaser of note having notice of such facts would not be holder in due course.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action on promissory note by the Reliance Equipment Company against B. R. Sherman. From a judgment for defendant, plaintiff appeals. Transferred from Court of Appeals, under Code 1923, § 7326. Reversed and remanded.

Alex T. Howard, of Mobile, for appellant.

It is presumed that a negotiable instrument was issued for a valuable consideration. Code 1923, § 9053. Value is any consideration sufficient to support a simple contract. Walden v. Warren, 215 Ala. 94, 109 So. 749; Code 1923, § 9053. Plea 4 was subject to demurrer. Vogler v. Manson, 200 Ala. 351, 76 So. 117;

Davies v. Simpson, 201 Ala. 616, 79 So. 48; Bank v. Laughlin, 209 Ala. 349, 96 So. 206. A holder in due course holds the instrument free from defenses available to prior parties among themselves. Code 1923, § 9083. The burden of proof as to notice on the part of plaintiff was upon the defendant. German-American Bank v. Lewis, 9 Ala. App. 352, 63 So. 741; National Bank v. Morgan, 207 Ala. 65, 92 So. 10, 24 A. L. R. 897; Somerall v. Citizens' Bank, 211 Ala. 630, 101 So. 429. The negotiable quality of the note in suit was not impaired by reference thereon to the contract on account of which it was given. Strand Amusement Co. v. Fox, 205 Ala. 183, 87 So. 332, 14 A. L. R. 1121. Mere notice on the part of the plaintiff that the note was founded upon an executory contract was not notice of an infirmity which would alter its status as holder in due course. Spires v. Jones, 212 Ala. 117, 101 So. 754; 8 C. J. 509.

Gordon & Edington, of Mobile, for appellee.

Plaintiff was charged with notice of the infirmity in the note, its president having been told the purpose for which the note was given. The notation on the note was sufficient to charge it with nonnegotiability. Exchange National Bank v. Abbot Nursery Co., 215 Ala. 384, 110 So. 809. A past-due obligation is not sufficient for the assignment of a note. Verner v. White, 214 Ala. 550, 108 So. 369.

BOULDIN, J. The suit is on a negotiable promissory note by an indorsee against the maker. The question of merit in the case is whether the plaintiff is a holder in due course. The note was, without dispute in the evidence, negotiated and indorsed by the payee before maturity for credit on an account due from the payee to the indorsee.

[1] A pre-existing debt constitutes value and supports an assignment of commercial paper as in due course. Code, § 9053; Walden v. Warren, 215 Ala. 94, 109 So. 749.

[2] Plea No. 4 proceeds on the theory that the purchase of the note for credit on account due from payee to indorsee was not such value, and that for this reason the note was subject to the defense of failure of consideration. There was error in overruling demurrer to this plea. The case turns on whether the indorsee had notice of any infirmity in the note affecting his standing as a holder in due course, under the law of negotiable instruments. "Every holder is deemed prima facie to be a holder in due course." Code, § 9085.

[3] The note being negotiated for value before maturity, the burden was on the defendant to prove notice. Somerall v. Citizens' Bank, 211 Ala. 630, 101 So. 429. The only evidence going to this question was that of Mr. Zelnicker, president of plaintiff company, touching conversation with Mr. Beard, the payee, at the time the note was negotiated, as follows:

"I asked Mr. Beard if there was any consideration for the note, and he answered by saying that he had a contract with Mr. B. R. Sherman (the maker) to build him a house and then sell him the house and lot, and that note was given in part payment of the contract price."

[4] This was notice of no more than that the consideration of the note was executory and made in connection with an executory agreement.

[5] To constitute notice of an infirmity, the indorsee must have "knowledge of such facts that his action in taking the instrument amounted to bad faith." Code, § 9082. Knowledge that the note is founded on a promise of future service, or otherwise executory, is not such notice as will alter the indorsee's status as a holder in due course.

[6] When the maker issues his negotiable promissory note, the law writes into the contract an unconditional promise to pay the same to any holder by indorsement in good faith for value and before maturity, whatever may happen as between the original parties to the transaction.

[7, 8] Unless the purchaser has notice of facts which should arouse suspicion in the mind of one of ordinary business prudence that the consideration has failed, or is so likely to fail that he becomes a participant in a fraud on the maker, he is protected. The maker takes the risk of a future failure of consideration, and cannot pass it on to the indorsee who has taken it on the faith of the unconditional promise shown upon the face of the note. Spires v. Jones, 212 Ala. 117, 101 So. 754; Somerall v. Citizens' Bank, 211 Ala. 630, 101 So. 429; Strand Amusement Co. v. Fox, 205 Ala. 183, 87 So. 332, 14 A. L. R. 1121.

[9] True, if the note was given to the payee to be used solely in the purchase of a lot for the maker from a third person, the payee becoming a trustee and agent in the use of the note for a special purpose, his conversion of the note to the payment of his own debt was a fraud on the maker, and if the purchaser had notice of such facts he would not be a holder in due course. But the evidence discloses no such notice to plaintiff, but, to the contrary, the notice proved showed the consideration to be service and property passing from the payee to the maker.

Appellee, and it seems the trial court, confuses this case with the line of cases involving the inquiry whether the note is negotiable or not; as where there is inserted in the note such reference to a related contract as to show the obligation to pay is subject to the terms of such contract; where the promise itself is made conditional by incorporating the contract in the note by sufficient reference, and not a mere recital identifying the transaction out of which the note arose.

Code, § 9031, subd. 2; Verner v. White (Ala. Sup.) 108 So. 369;[1] Strand Amusement Co. v. Fox, 205 Ala. 183, 87 So. 332, 14 A. L. R. 1121.

But for plea 4, upon which plaintiff was forced to take issue, the affirmative charge was due plaintiff as requested.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.