(120 So. 474)

## WIBLE v. ABRAHAM. (3 Div. 882.)

Supreme Court of Alabama. Jan. 31, 1929.

C. P. McIntyre, of Montgomery, for appellant.

Goodwyn & Goodwyn, of Montgomery, for appellee.

GARDNER, J. ■ The negotiable character of the instrument, the subject-matter of this litigation, was not destroyed or affected by the recital therein "for rent McLemore place on Vaughn Road, one hundred and sixty acres, for year 1925," which constitutes only a statement of the transaction which gave rise to the instrument. Section 9031, Code of 1923; People's Bank v. Moore, 201 Ala. 411, 78 So. 789; Culbreath v. Guiterman, Rosenfield, etc., 217 Ala. 259, 115 So. 303; Strand Amusement Co. v. Fox, 205 Ala. 183, 87 So. 332, 14 A. L. R. 1121; Bank of Chattanooga v. Clayton, 206 Ala. 518, 90 So. 899; Verner v. White, 214 Ala. 550, 108 So. 369.

■ Nor is the indorsee's status as a holder in due course altered by a knowledge that the note is founded on an executory contract. Reliance Equipment Co. v. Sherman, 216 Ala. 215, 112 So. 822.

■ These principles of law as applicable to the instant case are not questioned by the Court of Appeals, but the reversal of the judgment in favor of the plaintiff is rested upon considerations which affect his good faith in the purchase of the instrument. Section 9078, Code of 1923. This conclusion is reached by charging plaintiff with constructive notice of a duly recorded mortgage on the rented land, executed by the owner. In so holding, we think the Court of Appeals has fallen into error. The execution and recordation of this mortgage was wholly collateral to the rental contract, and without influence on the commercial paper here involved.

This question was directly presented and determined, adversely to the conclusion of the Court of Appeals, in Minell v. Reed, 26 Ala. 730, which decision is in harmony with the current of authority elsewhere (8 Corpus Juris, 518; 8 Corpus Juris, 504, and note) and with the language of our statute (section 9082, Code of 1923), which requires, as to notice, "actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith." Such also was the construction placed upon the above-noted statute in Reliance Equipment Co. v. Sherman, supra, and the following excerpt from the opinion in that case is here applicable:

"Unless the purchaser has notice of facts which should arouse suspicion in the mind of one of ordinary business prudence that the consideration has failed, or is so likely to fail that he becomes a participant in a fraud on the maker, he is protected. The maker takes the risk of a future failure of consideration, and cannot pass it on to the indorsee who has taken it on the faith of the unconditional promise shown upon the face of the note."

It results, therefore, that the record of the mortgage on the land in no manner affected the question of good faith on the part of the plaintiff in acquiring the note here sued upon.

The decision is here confined to the question as constituting the point of reversal in the opinion of the Court of Appeals. Any questions arising by confusion of dates in the instrument sued upon or upon the status of pleading as argued in brief of counsel for appellant are not here presented for consideration to this court. The writ is awarded, the judgment of the Court of Appeals reversed, and the cause remanded to that court for further proceedings in accordance with the views herein expressed.

Writ granted; reversed and remanded.

All the Justices concur.