(127 So. 500)

MORGAN HILL PAVING CO. v. PRATT
CITY SAV. BANK.

6 Div. 369.

Supreme Court of Alabama.
Jan. 16, 1930.

Rehearing Denied April 3, 1930.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellee.

**BOULDIN, J.**

Code forms of complaint on bills and notes make no distinction between negotiable and nonnegotiable paper. They are inclusive, are to be used in suits upon either class of instrument. Code 1923, § 9531, Forms 1, 2, 3 and 4.

■ No specific form is provided for suit on a promissory note by indorsee against maker. Form 3, indorsee against drawer of a bill of exchange, furnishes a sufficient analogy. The complaint in this cause was not subject to demurrer.

■ None of these Code forms allege the facts which distinguish negotiable from nonnegotiable instruments. Code, §§ 9029 and 9202. No occasion arises for bringing forward such data unless and until a plea is interposed which must be met by averments showing negotiability and that plaintiff is a holder in due course.

■ The long-approved practice is not to anticipate such defenses as failure of consideration, but, when interposed by plea, the rights of a holder in due course are presented by replication. Bank v. Avant, 189 Ala. 418, 66 So. 509; Tatum v. Commercial Bank & Trust Co., 185 Ala. 249, 64 So. 561; Bank v. Halsey, 109 Ala. 196, 19 So. 522; Slaughter v. Bank, 109 Ala. 157, 19 So. 430; Ross v. Drinkard, 35 Ala. 434; Clearman v. Cobbs, 197 Ala. 546, 73 So. 83; Somerall v. Citizens' Bank, 211 Ala. 630, 101 So. 429.

The case of Weinstein Bros. v. Citizens' Bank, 13 Ala. App. 552, 69 So. 972, is not opposed to this holding. It declares what the complaint must aver to cut off a plea of failure of consideration; and expressly recognizes the practice to present the issue of holder in due course by replication.

■ The plea in short by consent, "and with leave to the plaintiff to give in evidence any matter which if well pleaded, would be admissible in reply to such defensive matter, to have effect as if so pleaded," presented the issue as if a special replication had been interposed.

Circuit Court Rule 33 relates to the admission of evidence, where no grounds of objection are specified.

■ The rejection of evidence on general objection is not error if really subject to specific objection. Feore v. Trammel, 213 Ala. 293, 104 So. 808.

■ A declaration of one party to another at the time of a transaction is immaterial and irrelevant, unless it appears to have some connection with the issues. Nothing here shows the question as to what Carter said to Strange called for any matter going to the issue as to plaintiff's being a holder of the note in due course. The question not importing any relevant matter, there was no error in sustaining objection thereto, the defendant not disclosing to the trial court what evidence was called for.

■ The evidence without dispute shows the note sued on is negotiable paper, and the plaintiff a holder in due course, an indorsee before maturity for full value, with no evidence of notice of failure of consideration or other valid defense.

The affirmative charge with hypothesis was properly given for plaintiff.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

## On Rehearing.

**BOULDIN, J.**

After the foregoing decision was put out, the attention of the writer was called to an act "to further regulate the trial of causes, the introduction of evidence, and objections and exceptions thereto." Gen. Acts 1927, p. 636.

Thereupon, the cause was put on the rehearing docket, for further consideration. This statute has been recently construed in Flowers v. Graves, ante, p. 445, 125 So. 659.

■ Without undertaking to define the scope and effect of such statute, we follow the above decision, and hold that it does not repeal the long-settled law of this state, essential to the administration of justice, that error will not be presumed; nor does it repeal the rules of practice, not mentioned therein, to the effect that probable injury must appear.

■ This court is not advised by the record before us of the nature of the declarations by Carter to Strange. Prima facie, they were mere hearsay.

How the matter could be put in the record here, when it was not presented to the trial court, we do not undertake to say.

We see no reason to depart from the original opinion.

Application overruled.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.