164 So. 391

### WALSH v. BANK OF MOUNDVILLE.

2 Div. 548.

Court of Appeals of Alabama.
March 26, 1935.

Rehearing Denied April 30, 1935.

Reversed on Mandate Nov. 26, 1935.

Ernest V. Otts, of Greensboro, and Reuben H. Wright, of Tuscaloosa, for appellant.

Jones & Dominick, of Tuscaloosa, for appellee.

604

RICE, Judge.

This is the third appeal in this case. See Bank of Moundville v. Carrie K. Walsh, 216 Ala. 116, 112 So. 438, and Carrie K. Walsh v. Bank of Moundville, 24 Ala.App. 184, 132 So. 51; Cert. awarded Id., 222 Ala. 164, 132 So. 52.

It is not our province to straighten out the law, nor to compose the differences in holdings existing among all the decisions by the Supreme Court collected and cited here in briefs filed on behalf of appellant and on behalf of appellee. It would seem that such could not be done, without the necessity of altering, overruling, or materially modifying the holding in some of the cases mentioned. That duty will doubtless be performed at the proper place. Code 1923, § 7318.

The testimony on the trial resulting in the judgment from which this appeal was taken was exactly the same as that upon the two former trials, with the exception of the addition, on this last trial, of the testimony of Lee M. Griffin (which appears in the report of the case), and the testimony of E. P. Walsh, which we will mention later. All the testimony was undisputed.

The facts shown, with the exceptions noted, are fully outlined in the opinion for the majority of the Supreme Court, on the petition for certiorari to this court, on the second appeal, which outline we hereby refer to and incorporate as a part of our opinion. See Walsh v. Bank of Moundville, 222 Ala. 164, 132 So. 52, 53, wherein we were reversed because of our following the former decision of the Supreme Court in the same case, i. e., Bank of Moundville v. Walsh, 216 Ala. 116, 112 So. 438.

Our duty, it would appear, is made plain (Code 1923, § 7318), if not simple, by the following expression quoted from the opinion written for the majority of the Supreme Court on the above-mentioned petition for the writ of certiorari, to wit: "In other words, the mortgagor could not, as against the purchaser at the foreclosure sale under a mortgage previously executed, effectuate a severance of rents by an assignment thereof before foreclosure if the assignee is charged *with notice of the mortgage, and that it might be foreclosed before the maturity of the rent.*" (Italics ours.) And under the facts existing on the second appeal, the said majority of the Supreme Court held that "the Bank of Moundville was such an assignee and it is [was] responsible to appellant purchaser at foreclosure sale before the rents become due."

Here, we have the same facts showing that the "assignee (Appellee) is charged with notice of the mortgage" that existed upon the above-mentioned second appeal; the addition, here, of the testimony of Lee M. Griffin, and the holding of the Supreme Court in the case of Wible v. Abraham, 218 Ala. 664, 120 So. 474, to the contrary, notwithstanding—or rather, perhaps, *notwithstanding.*

But does it appear that the "assignee (appellee) is (was) charged with notice * * * that it (the mortgage) might be foreclosed before the maturity of the rent?"

We have concluded that it does not.

Appellant's able counsel pass over rather lightly the testimony of Lee M. Griffin, with the assertion that it in nowise changes the issues from what they were on the former appeals, even if appellant's objections (with due exceptions to the rulings, etc.) to portions thereof are not well taken. But we do not agree.

■ In the first place, we are of the opinion, and hold, that, as bearing on the "bad faith," vel non, of the bank (appellee) in purchasing the notes in question, whatever

was said to the bank (through its cashier) by the payee of the notes, at the time of their transfer to the bank, was admissible in evidence as a part of the res gestæ of the transaction—somewhat after the manner of the admission in evidence of the statements of the payee of the notes there involved to the purchaser thereof in the case of Reliance Equipment Co. v. Sherman, 216 Ala. 214, 112 So. 822, 823. See Code 1923, § 9082.

Surely, it seems to us, the statements which Lee M. Griffin says were made to the bank by the payee of the notes in question have a bearing upon whether or not the bank acted in "bad faith" in purchasing said notes. For, as said by Mr. Justice Bouldin in the opinion for the Supreme Court in the case of Reliance Equipment Co. v. Sherman, supra: "Unless the purchaser has notice of facts which should arouse suspicion in the mind of one of ordinary business prudence that the consideration has failed, *or is so likely to fail that he becomes a participant in a fraud on the maker,* he is protected. The *maker takes the risk of a future failure of consideration, and cannot pass it on to the indorsee* who has taken it on the faith of the unconditional promise shown upon the face of the note." (Italics ours.)

It is perhaps true that the observation, in Lee M. Griffin's testimony, "which was the plan which had been followed regarding this land and the rent notes therefor for several years before that year 1924," was subject to the objection made to it. But, as we see it, this statement, or portion of statement, did not amount to anything one way or the other, so far as the action of the trial court we are reviewing was concerned, so we will not deal with it further.

The fact that E. P. Walsh, the administrator, took the witness stand on the instant trial and denied that he made any agreement with the payee of the notes, or authorized him to make the statements he did—according to Lee M. Griffin's undisputed testimony—made to the bank, does not change the legal aspects of the bank's "good or bad faith," in the sense referred to in Code 1923 § 9082, supra, in any way.

So, with the testimony as it stands on the trial giving rise to this appeal—all, as stated hereinabove, without dispute—we are led to the decision that the trial judge properly gave to the jury the general affirmative charge, with hypothesis, to find in favor of the defendant (appellee). But see Connecticut General Life Ins. Co. v. Smith, 226 Ala. 142, 145 So. 651.

And the judgment is affirmed.

Affirmed.

Opinion after remandment.

PER CURIAM.

It is perfectly clear that, under and in accordance with the decision of the Supreme Court on petition for certiorari to us in this case, the judgment must be reversed and the cause remanded. (Code 1923, § 7318).

And it is so ordered.