**FAULKENBERRY v. RAY.**

4 Div. 807.

Supreme Court of Alabama.

May 9, 1935.

Rehearing Denied June 6, 1935.

E. O. Baldwin and A. R. Powell, both of Andalusia, for appellant.

Powell, Albritton & Albritton, of Andalusia, for appellee.

THOMAS, Justice.

This suit was upon a promissory note executed by the Andalusia City Hospital to J. H. Faulkenberry, given to secure the payment of the sum of $12,000, and indorsed by seven indorsers, among whom was the defendant, T. Q. Ray. J. H. Faulkenberry died before the trial, and the suit was revived in the name of Minnie A. Faulkenberry, as Executrix. At the trial all of the indorsers, who were sued on their indorsement, were stricken out except the defendant. At the close of the testimony the court gave the affirmative charge for defendant; verdict was returned in favor of defendant and judgment duly rendered thereon; hence this appeal.

The only defense availed of was the statute of limitations.

The rights of a mortgagee to sue on a note after default, for any balance due thereon, after due foreclosure for deficiency, was discussed in Continental Casualty Co. v. Brawner, 227 Ala. 98, 148 So. 809, and authorities there collected.

It is declared that the payment of interest on a note by a party sought to be charged and liable therefor will release the bar of the statute. Section 8964, Code; Sibley et al. v. Bowen, 222 Ala. 13, 130 So. 547, and authorities; McLean v. First Nat. Bank of Montgomery, 221 Ala. 103, 127 So. 550.

The testimony of the plaintiff tended to show payment on the note by the defendant in May, 1927, which was within the period of the statute, and which made a jury question as to the fact of payment and the date thereof. The fact that defendant denied such acknowledgment of the date and payment thereon before the bar of the statute did not authorize the giving of the general affirmative charge at defendant's request. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135; Somerall et al. v. Citizens' Bank of Brew-

ton, 208 Ala. 501, 94 So. 476; Chestang v. Kirk et al., 218 Ala. 176, 118 So. 330.

It results that the judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.