W. BUTLER, also known as Jack Butler, Appellant,

v.

MERCHANTS NATIONAL BANK OF MOBILE, Appellee.

No. 13460.

Court of Civil Appeals of Texas.

San Antonio.

May 13, 1959.

Rehearing Denied June 10, 1959.

Neil E. Beaton, San Antonio, for appellant.

Moursund, Ball & Bergstrom, San Antonio, for appellee.

BARROW, Justice.

The Merchants National Bank of Mobile, Alabama, filed this suit against W. Butler, also known as Jack Butler, on a note executed by him, dated September 1, 1949, for the sum of $10,650, payable on demand, and secured by a collateral assignment of defendant's commissions as payable by the insurance companies for which he worked. Defendant's original answer consisted of a general denial and a plea of limitation, under Art. 5527, Rev.Civ.Stats. of Texas.

Plaintiff filed an amended petition in which it alleged that defendant had made payments on said note as late as August 16, 1955, and then filed a motion for the court to take judicial notice of the law of Alabama, and a motion for summary judgment, in which plaintiff set up the claim that the limitation had not run on the note in question because payment of interest or any payment on a note by the party sought to be charged as liable therefor, releases the bar of limitation.

Defendant countered with a plea that he had not voluntarily made a part payment on account of the debt in suit and under circumstances such as to disclose an intent on

his part to acknowledge his liability for the balance of the indebtedness at any time within the last ten years. Defendant further plead that this being a suit between a citizen of Alabama and a citizen of Texas, filed in the District Court of Texas, the law of the forum would control on the matter of limitation, which is a question of remedy.

The trial court granted the motion for summary judgment and accordingly entered judgment for plaintiff. This appeal is from that judgment.

In its motion to take judicial notice of the law of Alabama and its motion for summary judgment, appellee relied on the affidavit of Charles B. Bailey, Jr., a duly licensed and practicing attorney in the City of Mobile, State of Alabama concerning its statement as to the limitations law of the State of Alabama, Title 7, Sections 21 and 40, Code of Alabama, 1940, as amended, together with a photostatic copy of the opinion of the Supreme Court of Alabama in the case of Faulkenberry v. Ray, 230 Ala. 513, 161 So. 486. Appellee then alleged that it appeared from the note plead by plaintiff and executed by defendant, that said defendant has made payments within a period of six years before filing this suit, and that such payments under the law of the State of Alabama removed the bar of limitations in this suit. Said motion was not verified. The record shows that, insofar as pertinent to this appeal, nothing was before the court on the summary judgment hearing except the motion of plaintiff and defendant's verified answer, setting up the statute of limitations and urging that the laws of limitations of this State apply rather than those of the State of Alabama.

Appellant predicates his appeal upon two points of error, as follows:

"First Point: The error of the trial court in granting Plaintiff's motion for summary judgment on the pleadings alone when Defendant's verified answer raised a genuine fact question, to-wit: limitation, which, if sustained

upon the trial would deny to Plaintiff any recovery whatsoever.

"Second Point: The error of the trial court in holding (in effect) that the law of the state where the contract was made (lex contractu) applied rather than the law of the state where the suit is pending (lex fori) on question of limitation (a matter of remedy)."

■ The rule is stated in 37 C.J. 731, § 47, as follows:

"Where part payment is made in a foreign state on a debt incurred there, the effect of the payment to take the debt out of the statute of limitations is to be determined by the laws of that state when suit is brought on the debt in another state." See also 54 C.J.S. Limitations of Actions § 321, p. 425.

This rule is recognized in Texas. Cate v. Perry, Tex.Civ.App., 11 S.W.2d 352; First Nat. Bank of Hot Springs, N. M. v. Caples, Fifth Circuit Court of Appeals, appealed from the Western District of Texas, 17 F.2d 87.

Under Title 7, Section 21, Code of Alabama, 1940, suit on the note involved herein must be brought within six years from September 1, 1949, and Section 40 provides:

"No act, promise, or acknowledgment is sufficient to remove the bar to a suit created by the provisions of this chapter, or is evidence of a new and continuing contract, except a partial payment made upon the contract by the party sought to be charged before the bar is complete, or an unconditional promise in writing, signed by the party to be charged thereby."

■ Thus it is apparent that if the payments alleged by appellee were shown to have been made by appellant, applying the laws of the State of Alabama, the note would not be barred.

Appellee's original petition has attached thereto a copy of the note sued on, together

with a copy of the schedule of payments. Appellee's motion for summary judgment is unverified and also has a copy of the note and schedule of payments attached thereto. No affidavits, depositions, stipulations or other evidence that appellant actually made the alleged payments appears in the record.

■ Under Rule 93, Texas Rules of Civil Procedure, the appellant not having denied the execution of the note by verified plea, its execution is admitted. Appellee's original petition having been filed March 5, 1958, it is on its face barred by the statutes of limitation of Texas and Alabama, unless the bar is removed under the facts here presented. The appellee having alleged the partial payments to remove the bar, the burden of proving such payments is upon it.

■ Ordinarily, when a note, with credits for payments indorsed thereon, is introduced by the holder, thereby showing a reduction of the account due thereon, such evidence is admissible as a declaration against interest; but when introduced by the holder for the purpose of tolling the statutes of limitation the rule is otherwise, for the reason that when the evidence is introduced for such purpose it is said to be self-serving.

The rule is stated in 54 C.J.S. Limitations of Actions § 392, p. 533, as follows:

"A credit indorsed or entered on the obligation by the creditor prior to the expiration of the period of limitations generally is admissible to prove part payment so as to avoid the bar of limitations, provided it is shown by other evidence that the indorsement was made prior to the expiration of the statutory period. The rule is based on the fact that the credit diminishes the amount due on the obligation and is in the nature of a declaration against interest.

"On the other hand, a credit indorsed on the obligation after the expiration of the statutory period ordinarily is not admissible to prove part payment for the purpose of removing the bar, for the reason that the indorsement would be in the category of a self-serving declaration. It must appear by independent evidence that the indorsements were authorized by the payor."

The same rule is stated in Wigmore on Evidence, 3rd Ed., § 1466, and in McCormick on Texas Law of Evidence, 2nd Ed., Vol. 2, § 1004. See also 31 C.J.S. Evidence § 216.

■ It is evident that the actual making of the alleged partial payment by appellant, or by someone duly authorized to make it for him, is a genuine issue of fact in the case necessary to a recovery by appellee. Appellee's motion for summary judgment having failed to establish such payment, the granting of such motion was improper. Jones v. Willoughby, Tex.Civ.App., 245 S.W.2d 341; Kaufman v. Blackman, Tex. Civ.App., 239 S.W.2d 422; Haley v. Nickels, Tex.Civ.App., 235 S.W.2d 683; Rule 166–A, T.R.C.P.

The judgment is reversed and the cause remanded.