F. M. RUBLEE v. HENRY S. DAVIS ET AL.

[FILED JANUARY 20, 1892.]

Negotiable Instruments: FAILURE OF CONSIDERATION: BONA FIDE HOLDER. The consideration for which a negotiable promissory note was given was a jack warranted by the seller to be a sure foal-getter. In an action upon the note by an indorsee,

who purchased the paper before due, in the ordinary course of business, for value, having knowledge of the contract of warranty, but neither he nor the makers of the note had any knowledge that the warranty had failed until long after the transfer of the paper, *held*, that the defense of breach of warranty was not available against the plaintiff.

ERROR to the district court for Valley county. Tried below before TIFFANY, J.

*E. J. Clements*, and *C. A. Munn*, for plaintiff in error, cited: 1 Daniels Neg. Inst. secs. 165, 198, 777, 797, 800, 808; *Kelley v. Whitney,* 45 Wis., 110; *Mann v. Bank,* 10 Pac. Rep. [Kan.], 151; *Dobbins v. Oberman,* 17 Neb., 163; *Dinsmore v. Stimbert,* 12 Id., 439; *Homan v. Laboo,* 2 Id., 297; *Bank v. Ryman,* 12 Id., 541; *Fisk v. Benson,* 12 Pac. Rep. [Cal.], 454; *Newton Wagon Co. v. Diers,* 10 Neb., 287; *Borden v. Clark,* 26 Mich., 410; *Sackett v. Kellar,* 22 O. St., 554; *Loomis v. Mowry,* 8 Hun [N. Y.], 312; *Taylor v. Curry,* 109 Mass., 36; *Miller v. Ottaway,* 45 N. W. Rep. [Mich.], 665.

*E. J. Babcock*, and *H. E. Babcock, contra,* cited: 1 Am. & Eng. Ency. Law, 320, 321; 8 Id., 642, 643; 3 Wait, A. & D., 436; *Phillips v. Jones,* 12 Neb., 213, 215; *Mc-Keighan v. Hopkins,* 19 Id., 40; *Wortendyke v. Meehan,* 9 Id., 221; *Olmstead v. Mtg. Sec. Co.,* 11 Id., 487; *Darst v. Backus,* 18 Id., 231, 233; *Merchants Ex. Bank v. Luckow,* 35 N. W. Rep. [Minn.], 434; *Mace v. Kennedy,* 36 N. W. Rep. [Mich.], 187; *Fifth Natl. Bank v. Edholm,* 25 Neb., 741; *Burroughs v. Ploof,* 41 N. W. Rep. [Mich.], 704; *Blackwell v. Wright,* 27 Neb., 269; *Haggland v. Stewart,* 29 Id., 69; *Conly v. Winsor,* 2 N. W. Rep. [Mich.], 31; *Paton v. Coit,* 5 Mich., 510; *Carrier v. Cameron,* 31 Id., 373; *Darrow v. Blake,* 13 N. W. Rep. [Ia.], 50; *Donovan v. Fowler,* 17 Neb., 247; *Fuller v. Hutchins,* 10 Cal., 523; *Armstrong v. Freeman,* 9 Neb., 11; *Graham v. Kibble,* Id., 182; *Young v. Pritchett,* 10 Id., 352; *Helling v. Mortg.*

*Sec. Co.*, Id., 611; *Sutton v. Beckwith*, 36 N. W. Rep. [Mich.], 79; *Dobbins v. Oberman*, 17 Neb., 163; *Savage v. Hazard*, 11 Id., 327; *Whitehorn v. Cranz*, 20 Neb., 392; *Hoffman v. Leibzarth*, 2 N. W. Rep. [Ia.], 518; *Cook v. Weirman*, Id., 386; *Ward v. Doane*, 43 Id. [Mich.], 980; *Goodrich v. McDonald*, 43 Id. [Mich.], 1019; *Norman v. Waite*, 30 Neb., 302; *First Natl. Bank v. Erickson*, 20 Id., 580.

NORVAL, J.

This suit was brought in the county court of Valley county, by the plaintiff in error, to recover the amount of two promissory notes, dated May 4, 1885, due thirteen months after date, one for $200 and the other for $150 payable to J. F. Coleman or order, and executed by the defendants. The petition is in the usual form when an action is brought by an indorsee of a promissory note against a maker.

The answer sets up that the notes were given as part consideration for a jack purchased by the makers of the payee, that the animal was warranted to be a sure foal-getter; and the defendants aver that the warranty has failed, and that the plaintiff purchased the notes with notice of and subject to the equities of the makers. The reply denies every allegation of the answer.

The cause was tried in the county court without a jury, and a judgment was rendered in favor of the defentants.

At the request of the plaintiff the county court made special findings of facts, which are set out in full in the transcript. The plaintiff prosecuted a petition in error to the district court, where the judgment of the county court was affirmed, and the plaintiff brings the cause here for review on error.

The sole question to be decided is this: Is the judgment of the county court sustained by the findings of fact? The facts found by the county court are as follows:

1. That the notes set forth in plaintiff's petition were

given by the defendants H. S. Davis and A. Francis Davis at the time and in the manner set forth in said petition, and were secured by a chattel mortgage on a jack.

2. That said notes were given for the purchase price of a certain jack, and a part consideration for the giving of said notes was the warranting of said jack to be a sure foal-getter by said Coleman.

3. That a bill of sale of said jack, containing a warranty that he was a sure foal-getter was given by said J. F. Coleman to Henry S. Davis and A. Francis Davis, which bill of sale was recorded in the county clerk's office of Valley county on the 5th day of May, 1885.

4. That said notes were purchased of said J. F. Coleman by plaintiff, without fraud on his part, on or about the first day of June, 1885, in the ordinary course of his business, and the plaintiff paid therefor the sum of $200, being the reasonable and fair value of said notes at that time, and that said notes were indorsed by said Coleman.

5. That before plaintiff purchased said notes, he knew that they were given in payment of the purchase of a certain jack, and was told by witness Johnson that the value of said jack depended wholly on his being a sure foal-getter, in answer to an inquiry of plaintiff as to the security on said notes.

6. That before plaintiff purchased said notes he was told by the defendant H. S. Davis that he would give no further security on said notes unless he knew whether the jack was as represented and guaranteed by Coleman.

7. That the plaintiff had no actual notice of the bill of sale and the warranty therein contained, which were recorded as aforesaid, and no actual knowledge of any of the facts save in the conversation had with the witness Johnson and defendant H. S. Davis.

8. That said jack was brought into Valley county from Missouri a short time before Coleman sold him to the Davises, and that neither H. S. Davis, A. Francis Davis,

nor the plaintiff knew at the time plaintiff purchased said notes that there was a failure of consideration or a breach of said warranty, and that neither of said parties knew, nor had any means of knowing, of said breach of warranty or failure of consideration until late in the fall of 1885.

Is the defense of breach of warranty available against the plaintiff? A holder of negotiable paper, who purchases it before maturity for a valuable consideration, in the usual course of business, without knowledge of facts which impeach its validity as between antecedent parties, is regarded a *bona fide* holder and takes the paper free from defense on the part of the maker. This court said in *Dobbins v. Oberman*, 17 Neb., 163, that "to defeat a recovery thereon, it is not sufficient to show that he took it under circumstances which ought to excite suspicion in the mind of a prudent man. To have that effect it must be shown that he took the paper under circumstances showing bad faith or want of honesty on his part."

Testing the facts in the case before us by this rule, are they sufficient to defeat the action? It appears from the finding of facts that the plaintiff purchased the notes in suit, of the payee in good faith, in the ordinary course of his business, before due, and paid for them their reasonable and fair value. True, he was aware, when he took the notes, that they were originally given in payment of a jack sold by the payee to the makers and that the animal was warranted by the seller, but he had no knowledge that there was a breach of warranty, nor were the facts or circumstances brought to his knowledge sufficient to charge him with notice thereof. At the time the notes were indorsed to the plaintiff, it was not known to the makers that there would be a breach of warranty, so had inquiry been made of the defendants, at or prior to the purchase of the paper, the plaintiff would not have ascertained that any defenses existed against the same. Although the plaintiff knew when he bought the notes for what they were given

and that the jack was warranted, that fact alone is not sufficient to prevent the plaintiff from being a *bona fide* holder. To have that effect, he must also have known when he bought the notes that the warranty had failed, or possessed knowledge of facts sufficient to put him upon inquiry, which, if followed, would have led to its discovery. This the record fails to disclose. It only inferentially appears that there has been a breach of the warranty, and there is no finding of fact as to the actual value of the jack. Unless he was entirely worthless and possessed no value, there could not have been an entire failure of the consideration given for the notes. While it is doubtless true that the value of a jack depends largely upon his capability to produce foals, yet we cannot take judicial notice that where a jack is not a sure foal-getter he has no marketable value.

The case of *Miller v. Ottaway et al.*, 81 Mich., 196, cited by plaintiff in error, is quite in point. That was a suit upon a negotiable promissory note, given for a span of mares and two colts. The mares were warranted by the seller to be with foal. The plaintiff purchased the note before maturity, paying full value therefor, and while he knew at the time of the warranty, he had no knowledge of its breach. The defendant did not know that the mares were not with foal until some time after the transfer of the note. The court, after quoting from Parsons on Bills and Notes, and citing numerous authorities, in the opinion say : From the foregoing authorities, and upon reason, the correct doctrine appears to be that it is not a good ground of defense against a *bona fide* holder for value, that he was informed that the note was made in consideration of an executory contract, unless he was also informed of its breach. If he had knowledge of the breach, the defense may be interposed. * * * The note in question being valid in its inception, and not subject to any condition, a collateral agreement to warrant the mares to be with foal cannot be set up as a defense to the action in this case, where the

plaintiff purchased in good faith for value, and without notice or knowledge of any breach of the warranty. A mere collateral warranty or agreement, made at the time the note was given, does not affect the validity or negotiability of the note, although the purchaser before maturity may know of such agreement."

None of the cases cited upon the brief of defendant in error are applicable to the state of facts existing in this case. There is nothing to show bad faith, or want of honesty of purpose on the part of the plaintiff in the purchase of the note. He is an innocent purchaser, and the breach of warranty is no defense to the action. The judgments of the district and county courts are reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.