BAKER STATE BANK, RESPONDENT, *v.* GRANT ET AL., APPELLANTS.

(No. 3,785.)

(Submitted June 6, 1917.   Decided June 12, 1917.)

[166 Pac. 27.]

*Negotiable Instruments — Promissory Notes — Holder in Due Course—Warranty—Knowledge of Breach—Effect.*

Promissory Notes—Holder in Due Course.
1. *Held,* under section 5900, Revised Codes, that knowledge of a warranty that an automobile would meet certain requirements as to service did not defeat a bank's claim as a holder in due course of promissory notes taken in payment of the machine before maturity and without being aware of a breach of such warranty.

[As to fraud in inception of a negotiable note as not prejudicing a *bona fide* holder, see note in 11 Am. St. Rep. 309.]

Same—Nature of Instruments.
2. By executing a negotiable promissory note, the maker is held to have intended that it may enter the channels of trade and pass from hand to hand unincumbered by any defense not known to exist when the transfer was made.

*Appeal from District Court, Fallon County; Daniel L. O'Hern, Judge.*

ACTION by the Baker State Bank against J. M. Grant and others. From a judgment for plaintiff and from an order denying them a new trial, defendants appeal. Affirmed.

Cause submitted on briefs of Counsel.

*Messrs. Farr & Herrick,* for Appellants.

*Messrs. Booth & Dousman* and *Mr. P. C. Cornish,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On April 17, 1913, J. M. Grant, J. J. Johnston and R. V. Fuqua executed and delivered to Charles E. Clark ten promissory notes, each for the sum of $200. Before maturity of any of the notes they were all indorsed and transferred by Clark to the Baker State Bank for their face value. The first note was paid at maturity and this action was brought to enforce payment of the other nine notes.

The principal defense interposed is that the ten notes were [1] given in payment for an automobile, sold and delivered by Clark to the defendants under an express warranty that the car would perform the services required of it by defendants in conducting an automobile stage line between Ekalaka and Baker; that at the time the notes were transferred by Clark, the bank knew the terms under which the automobile was sold and the notes given; that the car failed to render the services contemplated and was finally turned back to Clark about October 1; that there was a failure of consideration, and that the bank is not a holder in due course. Issue was joined by reply. At the conclusion of the testimony the court directed a verdict for the plaintiff, and defendants appealed.

While there is some conflict in the testimony as to the knowledge possessed by the bank at the time it purchased the notes, for the purpose of these appeals the evidence will be treated in the light most favorable to the defendants and as establishing that the bank knew what the consideration for the notes was and knew the terms of the contract of warranty.

The notes were transferred to the bank on the day following their execution and at a time when there had not been any breach of warranty to the knowledge of anyone. If at the very instant it purchased the notes, the bank had made inquiry of the defendants, it could not have ascertained that there was then any possible outstanding defense. It did know that the car was warranted to a certain standard of service, but it had a right to presume that the contract of warranty would be

carried out in good faith. Certainly, it could not anticipate that a contingency which might never·happen would certainly happen. If a breach had occurred before the notes were transferred and the bank knew of such breach, it could not claim to be a holder in due course; but no one knew or could know at that time that the car would not meet all the·requirements contemplated by the purchasers. Does the fact, then, that the bank knew when it took the notes that the car was sold under a warranty and that the consideration for the notes might possibly fail, defeat its claim to be a holder in due course?

Our Codes provide: "Sec. 5900. A holder in due course is a holder who has taken the instrument under the following conditions: 1. That it is complete and regular upon its face; 2. That he became the holder of it before it was overdue, and without notice that it has been previously dishonored, if such was the fact; 3. That he took it in good faith and for value; 4. That at the time it was negotiated to him, he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

It has often been said that a negotiable promissory note is a courier without luggage whose face is its own passport. To such extent do notes of this character enter into and form a substantial part of the very life of the commercial world, that the law has always been solicitous to exclude any rules calculated [2] to hinder their free circulation and exchange. By the act of executing such an instrument, the maker is held to have intended that it may enter the channels of trade and pass from hand to hand unencumbered by any defense not known to exist when the transfer is made. The rule is concisely stated in 3 Ruling Case Law, 1067, as follows: "The courts universally hold that knowledge that a note was given in consideration of the executory agreement or contract of the payee which has not been performed, will not deprive the indorsee of the character of a holder in due course, unless he also has notice of the breach of that agreement or contract. So knowledge of a warranty on a sale in which a note was given is held not to affect the

rights of a purchaser of the note for value before maturity, if he had no knowledge of the breach of the warranty.'' (*Miller* v. *Ottaway,* 81 Mich. 196, 21 Am. St. Rep. 513, 8 L. R. A. 428, 45 N. W. 665; *Jennings* v. *Todd,* 118 Mo. 296, 40 Am. St. Rep. 373, 24 S. W. 148; *Rublee* v. *Davis,* 33 Neb. 779, 29 Am. St. Rep. 509, 51 N. W. 135; *Siegel, Cooper & Co.* v. *Chicago Trust & Savings Bank,* 131 Ill. 569, 19 Am. St. Rep. 51, 7 L. R. A. 537, 23 N. E. 417; *United States Nat. Bank* v. *Floss,* 38 Or. 68, 84 Am. St. Rep. 752, 62 Pac. 751; 8 Corpus Juris, 509.)

A clear distinction is to be drawn between the case at bar and the cases cited above, on the one hand, and cases of which *Citizens' State Bank* v. *Garceau,* 22 N. D. 576, 134 N. W. 882, is typical, on the other. In the last case, Garceau executed and delivered his promissory note to Stevens in payment of the first premium on a policy of life insurance. The note accompanied the application. Title to the note was to pass to Stevens if the application was accepted by the insurance company and the policy issued; otherwise the note was to be returned to Garceau. Before the application was acted upon, Stevens indorsed and transferred the note to the bank which then knew all the facts concerning the transaction. The application for insurance was rejected, and in an action by the bank to collect the note, the court held that Stevens did not have an unqualified title to the note, and the bank, with knowledge, acquired no better title than he had; that upon rejection of the application the consideration for the note failed altogether, and that the maker could properly avail himself of the defense that the bank was not a holder in due course. In the case at bar, the unqualified title to the note passed to Clark upon the delivery of the automobile, and upon indorsement by him the title passed to the bank, free from any defenses not then known to exist.

The plaintiff brings itself within the definition of a holder in due course, as given in section 5900 above. The trial court ruled correctly, and its judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.