No. 22,874.

ADVANCE-RUMELY THRESHER COMPANY, *Appellant*, v.
EMIL C. WEST, *Appellee*.

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Action by Indorsee—Holder in Due Course—Erroneous Instruction*. In an action by an indorsee of promissory notes given for the purchase price of a farm tractor where the answer and cross-petition set up failure of consideration because of a breach of warranty in the contract of sale and alleged that plaintiff was not a holder in due course, *held*, that it was error to instruct that if the plaintiff purchased the notes with knowledge of the terms and condiditions of the contract under which the tractor was sold, the judgment should be for the defendant. (*Bank v. Hildebrand*, 103 Kan. 705, 177 Pac. 6.)

2. SAME—*Evidence Shows Indorsee To Be Holder in Due Course*. It is further held that the depositions taken by the plaintiff and offered in evidence by the defendant and also by the plaintiff show that the plaintiff was a holder of the notes in due course, and there being no testimony to contradict the depositions, the plaintiff was entitled to judgment for the amount due on the notes, notwithstanding the general verdict in defendant's favor.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed April 9, 1921. Reversed.

*C. E. Freeman,* of Topeka, for the appellant.
*Chester Stevens,* of Independence, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The Advance-Rumely Thresher Company sued defendant on two promissory notes. In his answer and cross-petition the defendant alleged that the notes were given for the price of a farm tractor purchased of the Rumely Products Company on October 20, 1914, under a written contract by which the tractor was warranted to do good work and that by reason of the failure of the warranty he had been damaged to the extent of over $1,200 for which he asked judgment against plaintiff. The answer denied that plaintiff was an innocent purchaser of the notes before maturity, and alleged that the Advance-Rumely Thresher Company and the Rumely Products Company are a consolidation under which the plain-

tiff took over the assets of the Products Company and became liable on all contracts of the old company and particularly the contract with the defendant; that plaintiff purchased the notes with full knowledge of the contract and of all the facts pleaded in the answer. On the issues being joined there was a trial and a general verdict in favor of the defendant for $461. The plaintiff appeals.

Included in the general verdict, of course, is a finding that the plaintiff was not a holder of the notes in due course, and as this may become the controlling question, it will be considered first. The trial court took the position that the plaintiff could not become a holder in due course if it purchased the notes with full knowledge of the existence of the contract for the sale of the tractor. One instruction authorized a judgment in defendant's favor if the jury found from the evidence that the Advance-Rumely Thresher Company purchased the notes with knowledge of the terms and conditions of the contract under which the tractor was sold, or if plaintiff knew at the time the notes were purchased that they were given for the tractor and under the contract. It is contended that the instruction is directly in conflict with the decision in *Bank v. Hildebrand,* 103 Kan. 705, 177 Pac. 6. In that case the bank purchased promissory notes before maturity which it knew were given in payment of premiums on policies of insurance and that in case of loss under the policies the makers would have a set-off or counterclaim against the notes. The insurance company was insolvent when the notes were executed. In the opinion it was said:

"The argument is, that when a person knows there may be a set-off or counterclaim against the note by the time it matures, he cannot acquire the note free from an infirmity. The argument is not sound. Every purchaser of a promissory note knows that, as between the maker and the payee, there may, before the note matures, arise a set-off or counterclaim in favor of the maker, but this will not prevent the purchaser from being a holder in due course; nor is the fact, of itself, evidence of bad faith in purchasing. . . . No authorities are cited by the appellant in support of his contention, and we think none are necessary to show its fallacy." (p. 708.)

In the same case the court approved an instruction that:

"What is 'bad faith' in a case of this kind is a question of fact for the jury, and in this connection the court instructs you that neither a suspicion of defect of title, knowledge of circumstances which would excite

such suspicion in the mind of a prudent man or put him on inquiry, nor even gross negligence on the part of the taker will affect his rights, unless the circumstances or suspicions are so cogent and obvious that to remain passive would amount to bad faith." (p. 709.)

What constitutes a holder in due course is defined in the uniform negotiable-instruments act:

"A holder in due course is a holder who has taken the instrument under the following conditions: (1) That it is complete and regular upon its face; (2) that he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact; (3) that he took it in good faith and for value; (4) that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it." (Laws 1905, ch. 310, § 59, Gen. Stat. 1915, § 6579.)

We think the instruction was wrong. Carried to its logical conclusion it would prevent the free sale of negotiable instruments by making the indorsee assume liability on any warranty in a contract involved in the transaction in which the note was given, upon mere proof that the indorsee knew of the existence of such a contract.

The defendant offered no evidence to show that there had been a consolidation of the Rumely Products Company and the plaintiff. None was offered to show that the Advance-Rumely Thresher Company assumed the obligations of the original contract, nor was there evidence tending to show that the plaintiff was not a purchaser of the notes before maturity for a valuable consideration and without notice of defects or equities between the defendant and the original payee. On the contrary the defendant introduced plaintiff's depositions as part of his case and relied upon the testimony of George C. Aldrich, vice president and general manager of the plaintiff company and J. M. Ulen, secretary of the Rumely Products Company. Their testimony established just the contrary of what the defendant was contending for.

Both plaintiff and defendant introduced the depositions, but even if the plaintiff alone had introduced them, there being no evidence to contradict them, they established the fact that the plaintiff was a holder in due course and since there was no evidence upon which to base the finding of the jury to the contrary, the plaintiff was entitled to judgment for the amount due on the notes.

The judgment is, therefore, reversed with directions to enter judgment for the plaintiff.