PHILIP I. COFFIN, Jr., RESPONDENT, v. D. W. MAY, INCOR-PORATED, APPELLANT.

Submitted October 28, 1927—Decided February 6, 1928.

For the appellant, *Green & Green* (*Harry Green,* of counsel).

For the respondent, *Burnett & Murray.*

The opinion of the court was delivered by

KALISCH, J. The two grounds of appeal, relied on by appellant company for a reversal of the judgment entered against it by the plaintiff-respondent, are as follows: (1) "Circuit Court erred in striking out answer filed by defendant." (2) "Circuit Court erred in entering summary judgment for plaintiff."

These two grounds of appeal are so inter-related that they can be conveniently discussed and disposed of under a single head.

The plaintiff below brought his action against the defendant company to recover from it the sum of $1,653.46, due to the plaintiff on a trade acceptance, the defendant having made default in the payment thereof.

The trade acceptance had its origin in the following facts: The defendant company agreed to purchase from the Eastern Mill Work Company, a manufacturer of radio cabinets and benches, of Montgomery, Pennsylvania, a carload of radio cabinets and benches, to be the same as sample, and to be shipped not more than one hundred and ninety to the car. The mill work company guaranteed said cabinets and benches and also agreed to replace any of them if found damaged when the cartons containing them were opened. The mill work company shipped two hundred and twenty-two of such cabinets and benches to the defendant in shipments containing the number as agreed upon.

It is undisputed that the cabinets were received in a damaged condition, and that the defendant notified the mill work company of this fact, and received in response of the notification a letter from it, under date of January 25th, 1927, stating that if there was anything not satisfactory, which was

caused by poor packing, "we will be obliged to make right, as we wish to make our product satisfactory in every way," and further, that "it will make right anything that is not as it should be."

Under the date of January 28th, 1927, defendant company wrote to the Eastern Mill Work Company a letter enclosing the trade acceptance sued upon, and upon which judgment was entered, stating in the letter that it must be understood that the mill work company was to replace any of the cabinets found damaged upon inspection, after the cartons were opened.

On the reverse side of the trade acceptance was this statement: "This trade acceptance covers two hundred and twenty-two radio cabinets and benches which are absolutely guaranteed and are to be replaced by the manufacturer if found damaged when the cartons are opened. Subscribed by D. W. May, Inc., and D. W. May, Treas."

The mill work company discounted the trade acceptance at the Watsontown National Bank, which credited the amount thereof to the account of the mill work company.

The argument advanced by counsel of appellant, under points one and two of his brief, in support of the principal defenses set up in defendant's answer to the plaintiff's complaint, is, in substance, that the trade acceptance was not a negotiable instrument within the meaning of the Negotiable Instrument act, because the acceptance of the instrument by the drawee was conditional, in that the endorsement made thereon, in legal effect, operated to qualify the acceptance by a contingency, such as a non-fulfillment by the drawer of the guarantee referred to in the endorsement upon the instrument. The fallacy of this contention lies in the assumption that the endorsement in question constitutes a condition upon which the trade acceptance is made payable, whereas, obviously, this is not so. It is purely a collateral undertaking between drawer and drawee, and cannot in anywise detract from the obligation of the drawee to pay to the drawer or his order, according to the express terms of the instrument.

It is not denied that the plaintiff's assignor received the trade

acceptance in due course, and paid value for it, but payment was and is resisted upon the ground that the bank, the plaintiff's assignor, had actual knowledge of an infirmity existing in the instrument at the time it received it, such actual knowledge arising out of the endorsement thereon, and, hence, it became a question of fact for a jury to determine whether the plaintiff's assignor acquired the instrument in good faith.

This contention is palpably unsound. There was no legal duty devolved upon the bank to make inquiry, whether or not the guarantee referred to in the endorsement was breached or not. Since the payment of the trade acceptance was not made dependent upon the performance or non-performance of the guarantee, it was of no importance to the bank.

It is to be observed here that the contention of counsel of appellant is, practically, this, that bad faith on part of plaintiff's assignor is a legal presumption arising from the fact of the existence of the endorsement on the trade acceptance, and, if not, at any rate, it was a duty devolving upon the bank to make inquiry as to whether or not the contract between drawer and drawee had been fulfilled.

To adopt the view contended for by appellant's counsel would result in seriously impairing the use and value of a class of commercial paper now beneficially much in vogue, and to twist the provision of section 56 of the Negotiable Instruments act (*Comp. Stat.*, 1910, *p.* 3741), relating to infirmity in commercial paper or defect in the title of the person, &c., from its natural sense and intent.

· Lastly, it is argued, that the plaintiff is not a holder of the instrument sued upon, and, hence, was not entitled to sue; that the holder of the instrument before, at the time of the commencement of the action and since, being the Watsontown National Bank.

This contention is without substance.

The trade acceptance was made payable to the Eastern Mill Work Company as payee, and was endorsed in blank by it. Since the instrument was endorsed in blank by the payee, who was the last endorser, title passed by mere delivery, as if the instrument were payable to bearer. Section 34, *Comp. Stat., p.* 3739, provides, *inter alia,* "an endorsement in blank

specifies no endorsee, and an instrument so endorsed is payable to bearer and may be negotiated by delivery."

It was not necessary, under the existing circumstances, that the plaintiff should be the beneficial owner of the trade acceptance in order to entitle him to sue thereon (*Owen & Co. v. Storms & Co.*, 78 *N. J. L.* 154), and under section 51 of the Negotiable Instruments act (*Comp. Stat.*, *p.* 3740) it is expressly provided that the holder of a negotiable instrument may sue thereon in his own name, and payment to him in due course discharges the instrument. It was not in dispute that the plaintiff was in possession of the instrument at the time the action in the present case was brought; in fact, possession was conceded, and, therefore, the objection that the plaintiff was without legal status to sue, is palpably untenable.

Judgment is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.