## C. H. MOUNTJOY PARTS CO. v. SAN ANTONIO NAT. BANK. (No. 8110.)

Court of Civil Appeals of Texas. San Antonio. Dec. 22, 1928.

Lewright & Lewright and W. M. Groce, all of San Antonio, for plaintiff in error.

Denman, Franklin & Denman, of San Antonio, for defendant in error.

SMITH, J. We quote from the statement of the nature and result of the suit, as set out in plaintiff in error's brief: "This suit was instituted by defendant in error, San Antonio National Bank, against plaintiff in error, The C. H. Mountjoy Parts Company, a corporation, to recover upon the last five of a series of six notes executed by the Mountjoys on July 24, 1926, payable to the Krueger Machinery Company, and thereafter transferred to the Bank. As a defense to the Bank's cause of action Mountjoy alleged and introduced testimony to show that the notes sued upon were given in part payment for certain machinery purchased from Krueger Machinery Company under a written sales agreement; that there was a breach of a written warranty contained in such sales agreement; that there was a failure of the consideration for which the notes were executed, and that the Bank purchased the notes after the first note of the series sued upon had matured and payment thereof been refused by Mountjoy. The Bank in its supplemental petition alleged in substance that it took said notes in good faith, for a valuable consideration, prior to their maturity, without notice of any infirmity in the same. At the conclusion of all of the evidence the court instructed the jury to return a verdict for the Bank and same was accordingly done and judgment rendered for the Bank for the full amount sued for."

Each of the notes sued on embraced this recitation: "This note is given in payment of Machinery purchased by contract between these parties, dated July 24th, 1926, and is given in accordance with same, and secured

by the lien thereby created and hereby recognized on property referred to in said contract and on property on payment of which it is given." The contract referred to in the notes contained certain warranties of the article for the purchase price of which the notes were given.

Plaintiff in error seeks to defeat payment of the notes upon the ground that the machinery company breached said warranty; that the consideration for the notes thereby failed; that because of the reference in the notes to the contract of warranty the notes were rendered nonnegotiable, and were subject to the defenses urged, notwithstanding they had passed into the hands of the bank, which concededly purchased them before maturity and for value.

■ It appears that the first of the series of notes, the last four of which are those sued on, was past due, and payment thereof had been refused by appellant at the time appellee purchased the notes in suit, and appellant was at that time claiming breach of the warranty in the contract and failure of consideration of the notes. Appellant urges these facts to defeat appellee's claim that it was an innocent purchaser. But it is undisputed that appellee had no actual or direct notice of these facts, whereas, it is settled that actual knowledge is necessary to bring home such facts to the purchaser of a negotiable instrument such as this. "The ordinary rule as to notice does not apply to a purchaser of a negotiable instrument for valuable consideration before maturity. The test in such cases is good faith; and, unless the purchaser had actual knowledge of the facts which rendered the note noncollectible, it is immaterial that he had notice of such fact as would have put a reasonably prudent man upon inquiry, and that such inquiry would have led to the discovery of the fact alleged as a reason why the note was noncollectible." Grocery Co. v. Hander (Tex. Civ. App.) 253 S. W. 833, and authorities there cited.

■ But, it is contended by appellant that the reference in the notes sued on to the contract, alleged to have been breached by appellee's assignor, had the effect of depriving the notes of their negotiability, and subjected the assignee to the ordinary rule of constructive notice. We overrule this contention.

It is provided in paragraph 2, § 3, of the Negotiable Instruments Act (article 5932, § 3, R. S. 1925) that "an unqualified order or promise to pay is unconditional within the meaning of this Act, though coupled with

* * * a statement of the transaction which gives rise to the instrument." We are of the opinion that the reference in the note to the contract out of which the note arose is no more than a "statement of the transaction which gives rise to the instrument," as contemplated in the statute.

■ The note was primarily an unconditional promise to pay the amount therein stipulated, and no other recitation in the instrument should be given the effect of qualifying that promise, unless the language of such recitation clearly expresses such intent, which is not the case here. Any other rule would give rise to much unneccessary litigation and seriously jeopardize the integrity of all promissory notes which embrace any reference to the transactions out of which they arise.

■ We think the true rule is stated in 3 R. C. L. § 112, p. 918: "As has been stated, the reference in a bill or note to some extrinsic agreement, in order to destroy its negotiability, must be such as indicates that the paper is to be burdened with the conditions of that agreement. Accordingly the negotiability of a note is not affected by a reference which is simply a recital of the consideration for which the paper was given, or a statement of the origin of the transaction, or by a statement that it is given in accordance with the terms of a contract of even date between the same parties."

■ The facts also bring this case under another rule, which would defeat appellant's contentions, stated as follows in 3 R. C. L. § 273, p. 1067: "The courts universally hold that knowledge that a note was given in consideration of the executory agreement or contract of the payee, which has not been performed, will not deprive the indorsee of the character of a holder in due course, unless he also has notice of the breach of that agreement or contract. So knowledge of a warranty on a sale in which a note was given is held not to affect the rights of a purchaser of the note for value before maturity, if he had no knowledge of the breach of the warranty. A recital in the instrument respecting such agreement or warranty is not sufficient of itself to advise him that there was, or would necessarily be, a failure of consideration. The presumption of law would be that the contract would be carried out in good faith, and the consideration performed as stipulated."

All assignments of error are overruled, for the reasons given, and the judgment is affirmed.