REPUBLIC POWER & SERVICE COMPANY *v.* CONTINENTAL CREDIT CORPORATION.

Opinion delivered January 21, 1929.

*G. E. Garner* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*Thompson, Tyrrell & Chambers* and *George A. McConnell*, for appellee.

MEHAFFY, J. The Continental Credit Corporation filed an intervention in the case of A. J. Silver *et al.* v. Republic Power & Service Co. *et al.,* in the Pulaski Chancery Court, alleging that the Republic Power & Service Company entered into a written contract with the Howe Ice Machine Company for the purchase of certain machinery, agreeing to pay therefor $28,000, and executed notes to said Howe Ice Machine Company for the purchase price. The notes provided that the title to the machinery should remain in the vendor until the purchase price was paid. It was alleged that certain payments had been made, but that two of the notes were unpaid and past due, one for $14,000 and the other for $3,833, and that there was a balance due upon both notes of $15,852.45; that the notes were indorsed to the intervener before maturity, and that it was a holder in due course. The machinery sold was one 87-ton refrigerating system, including compressors, tanks, coils and connections complete, two 50-ton compressors, and one 125 horse-power electric motor. Said machinery was being used in the plant of the Republic Company in North Little Rock. That it was depreciating in value, and was the only security the intervener had for its indebtedness. It was alleged that it was depreciating in value so rapidly that it would soon become worthless. The intervener demanded possession of the machinery, which was refused, and it asked for immediate possession or payment of the amount due.

All of the material allegations in the intervention were denied, and it was alleged that the notes were given for a patented article and no reference was contained in the notes, as required by statute.

It was also alleged in the answer that the Howe Ice Machine Company agreed to pay $100 a day as liquidated damages for delay in delivery. The Morgan Utilities Company succeeded to the contract of Republic Power & Service Company. The seller failed to deliver

some parts of the machinery, and the Morgan Utilities Company had to go into the open market and buy them at a cost of $3,500. It was also alleged that the interveners sent agents to North Little Rock and stole parts of the machinery, and that it was impossible to operate it without these parts, and that in an effort to recover the parts it was out the sum of $4,000; that this damaged the Morgan Utilities Company in the sum of $4,000. That the Morgan Utilities Company was forced to suspend business for several days, to its damage in the sum of $2,500. The statements and allegations of the answer to the intervention were denied.

It would serve no purpose to set out the testimony. There was a sharp conflict in the testimony on all the disputed points in the case. There is no controversy about the contract nor about the seller retaining title, and there is really no controversy about the fact that some of the parts were not delivered, and had to be purchased in the open market.

Appellant's first contention is that the credit corporation is not an innocent purchaser of the notes. It is contended that, because the notes were not assigned simply by indorsement in the ordinary course of business, and because the note and contract were both assigned to it, this makes the credit corporation stand exactly in the shoes of the Howe Ice Machine Company. The assignment is as follows:

"For value received, the undersigned hereby sells, assigns and transfers to Continental Credit Trust at Chicago, Ill., its successors or assigns, all right, title and interest in and to the within note or agreement, the amount payable thereunder and the property therein described. The undersigned warrants that this note or agreement was executed in connection with the sale of merchandise described in the within sales contract, said merchandise having been delivered to and accepted by the buyer named therein, and that there is now owing thereon the amounts as set forth therein, the payment of which, in accordance with all the terms and conditions herein

mentioned, is hereby guaranteed by the undersigned, together with interest, attorney's fees, court costs or other expenses in connection therewith, and the undersigned hereby waives notice of default of payment and notice of acceptance by Continental Credit Trust.

> "Howe Ice Machine Co.,
> "H. B. Howe, President."

The intervener is the successor of the Continental Credit Trust. It is argued that this assignment of the contract, together with the indorsement of the note, being one transaction, they must be construed together, and that they are all parts of the same contract, and that the purchasers of the note, with notice and knowledge of the relation of the contract to the note, is bound by it the same as if it were attached to the note or written upon the same piece of paper. In other words, that the assignee of the contract became obligated for the performance and acquired notice of everything that the contract contained, and that, this being true, it is not an innocent purchaser.

Appellant quotes a part of § 273, in 3 R. C. L. 1028. The part of the section immediately preceding that part quoted by appellant reads as follows:

"The courts universally hold that knowledge that a note was given in consideration of the executory agreement or contract of the payee, which has not been performed, will not deprive the indorsee of the character of a holder in due course, unless he also has notice of the breach of that agreement or contract. So knowledge of a warranty on a sale in which a note was given is held not to affect the rights of a purchaser of the note for value before maturity, if he had no knowledge of the breach of the warranty. A recital in the instrument respecting such agreement or warranty is not sufficient of itself to advise him that there was, or would necessarily be, a failure of consideration. The presumption of law would be that the contract would be carried out in good faith and the consideration performed as stipulated. Of course, if the transferee had knowledge of the breach of

contract or warranty before taking the instrument, the defense may be interposed.''

The part quoted and relied on by appellant immediately follows the above, and is as follows:

''And on the principle that several instruments made at one and the same time, and having relation to the same subject-matter, must be taken to be parts of one transaction, and construed together for the purpose of showing the true contract between the parties, it has been held that an agreement made at the time of the execution of a note, forming its real consideration, and to be performed before its maturity, is a part of the same contract, and, between the original parties to the note, cannot be enforced until maturity, and before the time of performance of the agreement, with notice and knowledge of its relation to the note, is bound by it the same as if it were attached to the note or written upon the same piece of paper.''

The agreement made at the time that these notes were executed is unquestionably a part of the same contract, but there is no complaint or argument that that contract was not performed, except as to the failure to furnish some of the parts, and these parts were purchased by the vendor in the open market, and he is allowed credit for them. But it is the things that were done after the contract was entered into that the purchaser complains about, the delay in shipping material. The evidence on the part of the intervener shows that the delay was caused by the purchaser's failure to pay the amount due. While there is some conflict in the testimony with reference to this issue, the preponderance of the evidence shows this to be true. Therefore, construing the note and the contract together, we do not think there is anything in the contract or note or the evidence that would disentitle even the original vendor to recover.

A person is an innocent purchaser when he purchases without notice, actual or constructive, of any infirmity, and pays a valuable consideration and acts in good faith, and in this case there is no evidence tending to

show that the intervener did not act in good faith. The proof conclusively shows that it paid a valuable consideration, and the evidence fails to show that it had any notice, either actual or constructive, of any defect or infirmity in the contract. The intervener was therefore an innocent purchaser, and if it had actual notice of everything that is contended for by appellant in this case, it would not affect its right to recover, because the failure to deliver parts and the delay in delivering parts of the machinery was caused by the failure and delay of the purchaser to pay the indebtedness it owed the vendor. At least there was evidence tending to show this, and the finding of the chancellor on this issue is supported by a preponderance of the evidence.

It is next contended by the appellant that the notes are void because they were given for patented articles. Section 7959 of Crawford & Moses' Digest provides: ''This act shall not apply to merchants and dealers who sell patented things in the usual course of business.''

In the first place, the evidence shows that this was not a patented machine, but the parts that had been patented, which were a part of the machinery, are not now and were not at the time of the sale patented machine, because the patents had expired. Moreover, this court has held that the sale of an article that may have some minor portions of it patented is not such a machine as is referred to in the section quoted, and the vendor in this case was a dealer, and sold the machine in the usual course of business, and, for that reason, the section relied on by appellant does not apply.

It is next contended by the appellant that it is entitled to damages for delay in complying with the contract. We agree with the appellant that the rule is that one who first breaks a contract cannot maintain a suit to recover upon it, and that such breach releases the other party from the performance, and this unquestionably means, in the sense it is used, the same contract. In this instance, however, there seems to have been a failure not only to pay on other contracts or for other pur-

chases, but a failure to meet the obligations of this contract by payments. However, there was no claim in the pleadings for this item, and all these matters were submitted to the chancellor on the evidence, and the decree of the chancellor will not be disturbed unless it is against the preponderance of the evidence.

We have reached the conclusion that the decree of the chancellor is supported by a preponderance of the evidence, and the decree is therefore affirmed.