(122 So. 619)

GUITERMAN, ROSENFIELD & CO. v. CULBRETH et al. (4 Div. 429.)

Supreme Court of Alabama. May 23, 1929.

See, also, 217 Ala. 259, 115 So. 303.

Baldwin & Murphy, of Andalusia, for appellant.

Powell & Albritton, of Andalusia, for appellees.

SAYRE, J. ▮ The terms of the notes in suit and the circumstances under which they were negotiated are stated in the opinion on a former appeal, and need not be repeated. Culbreath v. Guiterman, Rosenfield & Co., 217 Ala. 259, 115 So. 303. It was then held that the notes in suit were negotiable according to the law merchant; but that it was a question of fact whether plaintiffs had notice of the terms of the contract limiting the liability of defendants, for the reason that there was evidence tending to show that the contract went into the hands of plaintiffs along with the notes, and that such evidence was admissible in the case. On the present appeal we find no sufficient reason for recanting the view then expressed. And now, as then, it may be inferred for the reason to be stated that the contract passed into the hands of plaintiffs, appellants, along with the notes in suit, and so that plaintiffs were chargeable with notice of any defense based upon the failure of original payees to perform the contract according to its stipulations. The contract was in the possession of plaintiffs' attorney at and before the trial. Indeed, quite a number of the exceptions reserved by plaintiffs went upon the theory that defendants should not have been allowed to interrogate plaintiffs' attorney to the end of showing his possession of the contract and its production at the trial. These exceptions asserted the proposition that the testimony of the attorney which the plaintiffs were allowed to elicit was incompetent as in violation of the rule of evidence declared by section 7726 of the Code, which is in the words following:

"7726. (4012) *Evidence of Attorneys as Against Clients.* No attorney shall be competent or compellable to testify in any court in this state, for or against his client, to any matter or thing, knowledge of which he may have acquired from his client, by virtue of his relations as attorney, or by reason of the anticipated employment of him as attorney, but shall be both competent and compellable to testify, for or against his client, as to any matter or thing knowledge of which he may have acquired in any other manner."

The quoted section, like a number of others which have found place in the Codes of recent years, is but a declaration of the law previously administered by the courts, to which it contributes nothing. 5 Wigmore, Ev. (2d Ed.) § 2292.

The terms of the contract here in question rested upon no communication between the attorney and his clients. The contract was extant at the time when the witness attorney appears to have come into relation with plaintiffs, and, in any event, was framed for the purpose of proving the contract in case proof should be needed in order to establish defendants' rights in the premises. There

was no effort to prove confidential communications between the attorney and his clients in the negotiation of the contract or at any other time, and it would seem to be enough to say that plaintiffs could not deprive defendants of the right to defenses resting upon or affected by the terms of the contract by delivering it into the hands of their (plaintiffs') attorney who does not appear to have had any part in its negotiation or formulation. And, in any event as to that, the paper itself cannot be regarded as hedged about by any privilege.

■■ Many assignments of error assert the proposition that defendants should not have been allowed to adduce testimony going to show that the retorts for the manufacture of pine oil and tar—for the purchase price of which the notes in suit were given to the Southern Pine Tar & Oil Company—were substantially defective, and, after short use, proved to be worthless. The pleading subsequent to the declaration was informal; the recital of the judgment entry being that "the defendants plead in short by consent with leave to give in evidence any matter which may be specially pleaded and plaintiff has like leave in reply, the defendants also plead set-off and recoupment by consent with like leave of the plaintiff to reply." Plaintiffs put the notes in evidence with indorsements in blank by the original payees. There was nothing to show the time of the indorsements by the original payees, whether before or after maturity, or upon what consideration those indorsements were made. If after maturity or without consideration, the indorsee got with notice of the tenor of payees' title, he got their title only, and could have no better. In the case presented by the record defendants were entitled to adduce the testimony here in dispute, after which plaintiffs would have been entitled to offer evidence going to show indorsements by the original payees before maturity and for value, with result, in the event of a finding in agreement with this testimony offered by plaintiffs, that they would have been entitled to verdict and judgment, notwithstanding the defective quality of the retorts or the other defensive matter which defendants' testimony tended to establish. Somerall v. Citizens' Bank, 211 Ala. 630, 101 So. 429; Elmore County Bank v. Avant, 189 Ala. 418, 66 So. 509; Sewell v. Nolen Bank, 204 Ala. 93, 85 So. 375; Merchants' Bank v. Norris, 163 Ala. 481, 51 So. 15; German-American Bank v. Lewis, 9 Ala. App. 352, 63 So. 741; 22 C. J. 80, 81. No such evidence was offered. Nor, we may add, did plaintiffs offer any evidence tending to show that they had not notice of the contents of the contract at the time they acquired the notes.

■ In connection with evidence going to show that the agreement between the original parties was that defendants were to pay the freight on the retorts from Birmingham in this state to their place of business in this state, defendants were without error allowed to prove that they had paid the freight from Baltimore.

We have said enough to disclose our opinion that there was no reversible error. The discussion need not be prolonged.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.