168 So. 139

**ROYAL TIRE SERVICE, Inc., v. SHADES VALLEY BOYS' CLUB.**

6 Div. 880.

Supreme Court of Alabama.

May 14, 1936.

M. L. Taliaferro, of Birmingham, for appellant.

Willard Drake, of Birmingham, for appellee.

BOULDIN, Justice.

The bill was filed to enjoin the foreclosure of a chattel mortgage because of failure or partial failure of consideration. The mortgage was given to secure a negotiable promissory note.

A controlling issue is whether the respondent was a holder in due course under the Negotiable Instruments Law (Code 1923, § 9029 et seq).

The Shades Valley Boys' Club undertook to build a clubhouse in Homewood. One of the members, Will Frank, had donated sufficient standing timber from which lumber could be cut to build the house. The club entered into a written contract with L. M. Roper, a millman, to manufacture and deliver the bill of lumber according to specifications at stated prices, aggregating some $365. Roper delivered all the lumber, except 3,000 feet of flooring which was to be kiln dried. At that

stage, he went in company with W. D. Martin to the president of the club, promised to promptly deliver the flooring, and induced the club, through its president, to execute a negotiable promissory note, payable to the order of L. M. Roper for $186, the balance to become due on delivery of the flooring, together with a mortgage on the lumber as security. Roper immediately indorsed the note in blank to W. D. Martin in payment of an antecedent debt, owed by indorser to indorsee.

The agreed statement of facts on final hearing recites: "The said W. D. Martin was familiar with the fact that said 3000 feet of flooring had not been delivered but the said W. D. Martin acted in good faith and was not a party to any fraud; that the said W. D. Martin had no notice of any infirmity in said instruments or defect in the title to said instruments of L. M. Roper, though as stated he did know that the said 3000 feet of flooring was to be delivered in the immediate future."

Later Martin assigned the note and mortgage to respondent, Royal Tire Service, Inc., as collateral security for Martin's indebtedness to the assignee.

Roper never delivered the flooring. It appears he cut it, but sold it to some one else. The club paid to Martin two weekly installments of $10 each, and, because of Roper's dereliction, quit paying. After several months the holder proceeded to foreclose the mortgage under power of sale. This suit followed.

The trial court decreed that complainant be allowed a credit for $135, the value of the flooring, decreed that the balance due, $35, be paid into court for respondent, and, in the event of default, the mortgage on the lumber be foreclosed. Respondent appeals.

■ A negotiable instrument, defined by Code, § 9029, does not lose its negotiability because the consideration is executory in whole or in part. Nor does the fact that an indorsee for value before maturity has knowledge, at the time, that the consideration is executory, something to be done in the future, affect his standing as a holder in due course, protected against any defense, as between maker and payee, growing out of a failure of consideration. This is the stern mandate of the Negotiable Instruments Law. All persons who issue negotiable paper say in legal effect to the indorsee for value before maturity, This is an unconditional promise, so far as you are concerned. I take the chances on the maker meeting his obligation, the consideration for the note. There had been no breach of Roper's promise to complete delivery of the lumber when he indorsed the note to Martin.

As for the facts thus far considered, Martin was a holder in due course, protected against any defense for failure of consideration. Reliance Equipment Co. v. Sherman, 216 Ala. 214, 112 So. 822; Spires et al. v. Jones et al., 212 Ala. 117, 101 So. 753; note to Michie's Code, § 9031.

■ The mortgage executed at the same time, part of the same transaction, recited that it was given as security for the indebtedness evidenced by the note, and described the property thus: "30,000 ft. Pine lumber located on premises of the Canterbury M. E. Church of Shades Valley * * * (3,000 ft. of Pine flooring (dried) to be delivered at once by the mortgagee, which is included in the above amount)."

This mortgage, admittedly, was assigned to Martin at the time he took the note. He was, as of course, charged with notice of the recitals in the mortgage.

But the parenthetical clause in the mortgage imports no condition which could affect the position of the indorsee as a holder in due course. It merely disclosed what Martin was already informed, namely, that the consideration for the note was executory in part. If this recital had been in the face of the note, it would still have been negotiable. Authorities, supra. The case is not, therefore, brought within the principles announced in Guiterman, Rosenfield & Co. v. Culbreth et al., 219 Ala. 382, 122 So. 619; Culbreath v. Guiterman, Rosenfield, & Co., 217 Ala. 259, 115 So. 303, 308. This principle is that, if the note is connected with another instrument as one contract, and such contract as a whole contains terms and conditions, which, if written into the note would destroy negotiability, an indorsee, taking with full knowledge of the terms of the contract as a whole, is not a holder in due course.

■ Martin having a good note free from the defense of failure of consideration, his transferee stands in like position. It is immaterial that such assignee took it after maturity or with knowledge of default on the part of the maker. He takes the note free from all defenses which

his assignor had. This upon the principle that one having a good title to a note with all the incidents of negotiability can pass such title to any one not a party to any fraud or breach of obligation by an original party. Code, § 9084; Bluthenthal & Bickart v. City of Columbia, 175 Ala. 398, 57 So. 814.

■ It is not pretended that the present holder had anything to do with Roper's failure to perform. A mere voluntary promise by the present holder to return the paper to Martin in the event Roper did not make good had no force as a binding obligation. Such an offer could not be performed without Martin's consent.

Under the evidence, complainant was not entitled to the credit allowed, and hence not entitled to enjoin the foreclosure of the mortgage. Other questions need not be considered.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.