18 So.2d 727

**COTTON v. JOHN DEERE PLOW CO.**

**4 Div. 340.**

Supreme Court of Alabama.

June 22, 1944.

Ball & Ball, of Montgomery, for appellee.

Ralph A. Clark and Robt. B. Albritton, both of Andalusia, for appellant.

SIMPSON, Justice.

This appeal is from a verdict directed for the plaintiff.

Suit is on two negotiable promissory notes by the indorsee, John Deere Plow Company, against the maker, E. C. Cotton. The notes were payable to one Jordan, an independent dealer, who had sold defendant a mill and motor. Soon after execution and long before maturity, Jordan indorsed and transferred the notes to plaintiff company, and, after maturity and default thereof, the company brought this suit.

38

The principal question is whether the defense of breach of warranty occurring after the indorsement and transfer of the notes is pleadable against the company (plaintiff) or whether the company is protected from such defense as a holder in due course.

The recital in the two notes that they were given "for the purchase price or part of the purchase price of One Type W-Engine #1626 One 14 inch Hammer Mill" did not destroy their negotiability. It was merely "a statement of the transaction which gives rise to the instruments." Negotiability is not thereby affected. Code 1940, Title 39, Section 6; Strand Amusement Co. v. Fox, 205 Ala. 183, 87 So. 332, 14 A.L.R. 1121.

At the time the company received the notes as indorsee there had been no failure of consideration or warranty breached, and under an unbroken line of authorities, the notes being negotiable, the plaintiff must be and is held to be a holder in due course. The contended later breach of the seller's warranty is therefore not pleadable in the present action.

But, it is asserted that the notes are burdened with a warranty of the seller, Jordan, contained in a conditional sales contract executed in connection with the notes and delivered to plaintiff at the time of the transfer of the notes; that therefore the said transferee of the two negotiable instruments was bound by the warranty in the conditional sales contract and accepted the notes subject thereto. This is not the law, and no well considered case can be found where a collateral contemporaneous contract containing such an executory provision or warranty has been allowed to defeat the negotiability of a note in the hands of an indorsee before maturity and before breach, though he had notice or knowledge of the existing provision.

And the cases make no distinction between an executory agreement and warranty. "Knowledge by an indorsee that the note was given in consideration of an executory agreement by the payee, or that it was given for the sale of goods warranted or guaranteed by the seller, or that the consideration was future and contingent, does not deprive the holder of his character as a holder in due course, if the payee fails to perform or the warranty or guarantee is breached, where the holder had no knowledge of the nonperformance or the breach prior to his acquisition of the instrument." 10 C.J.S., Bills and Notes, p. 829, § 330 a; 8 Am.Jur., p. 137, Sec. 401; 100 A.L.R. 1364, III; 3 R.C.L. 1067.

Sustaining authorities are legion. Here are some: Royal Tire Service v. Shades Valley Boys' Club, 232 Ala. 357, 168 So. 139; Reliance Equipment Co. v. Sherman, 216 Ala. 214, 112 So. 822; Spires v. Jones, 212 Ala. 117, 101 So. 753; Parker v. Hickman, 61 Ind.App. 152, 111 N.E. 649; Advance-Rumely Thresher Co. v. West, 108 Kan. 875, 196 P. 1061; Martel v. Lafayette Sugar Refining Co., 153 La. 248, 95 So. 706; Commercial Credit Co. v. M. McDonough Co., 238 Mass. 73, 130 N.E. 179; Manufacturers Finance Corp. v. Andary's Estate, 269 Mich. 1, 256 N.W. 601; East Lansing State Bank v. Keil, 213 Mich. 17, 180 N.W. 347; Poss v. Meader, 189 Mich. 323, 155 N.W. 425; Miller v. Ottaway, 81 Mich. 196, 45 N.W. 665, 8 L.R.A. 428; State Bank of Swea City v. Lovrenz, 163 Minn. 18, 203 N.W. 427; First Nat. Bank v. Carey, 153 Minn. 246, 190 N.W. 182; Hunt v. Dean, Mo.App., 72 S.W.2d 831; Baker State Bank v. Grant, 54 Mont. 7, 166 P. 27; Coffin v. May, Inc., 104 N.J.L. 347, 140 A. 331; Intges v. People's Finance & Thrift Co., Tex.Civ.App., 44 S.W.2d 1028; Cross v. Voss, 132 Wash. 576, 231 P. 929; Cass Ave. Bank v. Greenwald, 224 Mo. App. 344, 29 S.W.2d 209; Republic Power & Serv. Co. v. Continental Credit Corp., 178 Ark. 966, 12 S.W.2d 906; Rublee v. Davis, 33 Neb. 779, 51 N.W. 135, 29 Am.St.Rep. 509; Bank of Sampson v. Hatcher, 151 N.C. 359, 66 S.E. 308, 134 Am.St.Rep. 989; C. H. Mountjoy Parts Co. v. San Antonio Nat. Bank, Tex.Civ.App., 12 S.W.2d 609; Forster v. Enid, O. & W. R. Co., Tex.Civ. App., 176 S.W. 788.

The indorsee, for value before maturity, of a negotiable promissory note is protected as a holder in due course from the defense of breach of executory warranty unless at the time he acquired the note the condition had then been breached and he had knowledge thereof or was possessed of facts sufficient to impute knowledge, or unless he had "knowledge of such facts that his action in taking the instrument amounted to bad faith." Snell Nat. Bank of Winter Haven v. Janney, 219 Ala. 396, 122 So. 362, 364; Code of 1940, Title 39, sec. 58.

Our case of Reliance Equipment Co. v. Sherman, 216 Ala. 214, 112 So. 822, elucidates the principle: Knowledge that the

note is founded on a promise of future service, or otherwise executory, is not such notice as will alter the indorsee's status as a holder in due course.

■ When the maker issues his negotiable promissory note, the law writes into the contract an unconditional promise to pay the same to any holder by indorsement in good faith for value and before maturity, whatever may happen as between the original parties to the transaction.

Unless the purchaser has notice of facts which should arouse suspicion in the mind of one of ordinary business prudence that the consideration has failed, or is so likely to fail that he becomes a participant in a fraud on the maker, he is protected. The maker takes the risk of a future failure of consideration, and cannot pass it on to the indorsee who has taken it on the faith of the unconditional promise shown upon the face of the note.

The contention that Culbreath v. Guiterman, Rosenfield & Co., 217 Ala. 259, 115 So. 303, imports a different view, with the result that such a defense is here available, is unsound. The principle of that case is: "If the note is connected with another instrument as one contract, and such contract as a whole contains terms and conditions, which, if written into the note would destroy negotiability, an indorsee, taking with full knowledge of the terms of the contract as a whole, is not a holder in due. course." Royal Tire Service Co. v. Shades Valley Boys' Club, 232 Ala. 357, 358, 168 So. 139, 140. This principle is without application here. The two cases are distinguishable in that in the Culbreath case there were certain stipulations embodied in the contract which went into the hands of the indorsee when he took the note which, if incorporated in the note, would destroy negotiability. In the case now before us there were no such stipulations, and the notes, with or without the collateral contract, were clearly negotiable.

The reason for the rule sustaining negotiability under circumstances as here is quite obvious. A substantial part of the credit business of the country is carried on with money raised by the discount of notes given upon such executory agreements or warranties, and to allow such a defense would destroy all confidence in such notes as negotiable paper, resulting in the paralysis of this character of business.

The opinion of Baker State Bank v. Grant, 54 Mont. 7, 166 P. 27, 28, well expresses the thesis: "It has often been said that a negotiable promissory note is a courier without luggage whose face is its own passport. To such extent do notes of this character enter into and form a substantial part of the very life of the commercial world that the law has always been solicitous to exclude any rules calculated to hinder their free circulation and exchange. By the act of executing such an instrument, the maker is held to have intended that it may enter the channels of trade and pass from hand to hand unincumbered by any defense not known to exist when the transfer is made."

■ Likewise untenable is the insistence that suit can be defeated for a breach of implied warranty by the manufacturer. The defendant bought from Jordan, not from the plaintiff. There was no privity of contract between the present suit parties. So, conceding the assertion that the plow company was the manufacturer of the articles sold defendant by Jordan, such a defense is not available against the plaintiff, under the general rule of nonliability of a manufacturer for a warranty as to third persons in no way a party to the contract. "It is well settled as a common-law rule that the benefit of a warranty does not run with the chattel on its resale so as to give the subpurchaser any right of action thereon as against the original seller." Birmingham Chero-Cola Bottling Co. v. Clark, 205 Ala. 678, 680, 89 So. 64, 65, 17 A.L.R. 667; Attalla Oil & F. Co. v. Goddard, 207 Ala. 287, 289, 92 So. 794; 55 C. J. 665, 666, Sec. 679; 46 Am.Jur., p. 489, Sec. 307; also 47 Am.Jur. p. 774, Sec. 84.

■ The claim for a reduction of the judgment because of an alleged miscalculation between the original parties as to the amount of the balance of the purchase price represented by the notes is also precluded in this action by a holder in due course of the negotiable notes. While available in an action between the original parties, it was not a defense here. Commercial Credit Co. v. Seale, 30 Ala.App. 440(4), 8 So.2d 199; Royal Tire case, supra.

We think the trial court ruled correctly on the controlling propositions of law, so the judgment is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.